LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiffs*

**FILED**
DISTRICT COURT OF GUAM
AUG - 5 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

Cess Navarro Olmo, Ronnie Pascual Ferreras,

Plaintiffs,

-vs-

A.P. Green Industries, Inc., A.P. Green Services, Inc., A.W. Chesterton Company, Amchem Products, Inc., Armstrong World Industries, Inc. Asbestos Claims Management Corporation, Babcock & Wilcox Company, Combustion Engineering, Inc., Dow Chemical Company, Dresser Industries, Inc., Flexitallic, Inc., Flintkote Company, Foster Wheeler Corp., GAF Corporation, Garlock, Inc., Georgia-Pacific Corporation, Harbison-Walker Refractories Co., Honeywell International, Inc., John Crane, Inc., Kaiser Gypsum Company, Inc., Metropolitan Life Insurance Company, Owens Corning, Owens-Illinois, Inc., Pittsburg Corning Corporation, Quigley Company, Inc., United States Gypsum Company, Viacom, Inc.,.

Defendants.

CIVIL CASE NO. 05-00025

COMPLAINT

**PLAINTIFFS** Cess Navarro Olmo and Ronnie Pascual Ferreras **allege:**

1. That this court has jurisdiction over the subject matter of this action pursuant to the diversity jurisdiction of this court, 28 USC Section 1332, as this is a civil action between citizens of a state and citizens of a foreign state and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

2. Plaintiffs are citizens and residents of the Republic of the Philippines.

3. Defendants and their places of incorporation are listed in Exhibit A attached hereto.

To the best of plaintiffs' information and belief, the Defendants are authorized to do business in their state of incorporation and, their principal place of business is the state where their headquarters are located.

4. Venue is proper in the Court under 28 U.S.C. Section 1391(a)(2) as a substantial part of the events giving rise to the claims occurred on Guam.

5. This Court has personal jurisdiction over the Defendants under applicable law because they have had "minimum contacts" with the territory of Guam through their transacting business within the territory.

6. Defendants are engaged in the business of manufacturing, and distributing asbestos and products containing asbestos.

7. Plaintiff is informed and believes, and upon such information and belief, alleges that all times and places mentioned herein, each of the Defendants was the agent or co-conspirator of each of the remaining Defendants, and was at all times and places mentioned herein acting within the purpose and scope of said agency or conspiracy.

8. About and during the period of time between 1925 and 1981, Defendants manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval

shipyard, Guam Naval shipyard, Subic Bay Naval shipyard, in the general overhaul, building, refitting, and maintenance of ships and which products were ultimately used by those serving and/or working in the U.S. Navy and/or to which they came into contact.

9. Plaintiffs were employed by the United States Navy about or during 1966 to 1992 and worked on various Navy vessels, bases and installations including those located in and around the Pacific and other locations including Pearl Harbor Shipyard and Subic Bay shipyard, and, worked on board said ships going to and from the Philippines and Guam where the asbestos products were repeatedly used. Among the duties assigned to Plaintiffs was the removal and replacement of certain piping and/or insulation in the ships. The piping and/or insulation material contained asbestos or was an asbestos product supplied to the Navy by some or all of the Defendants.

10. During the aforementioned employment, Plaintiffs were frequently, regularly, and closely exposed to great quantities of asbestos, asbestos dust and asbestos fibers and on these and other occasions, Plaintiffs inhaled asbestos dust and fibers from said asbestos products. As a direct and proximate result of said exposures and inhalation, Plaintiffs developed malignant mesothelioma, cancer, and/or other asbestos-related diseases and injuries to their lungs, chest cavity, cardiovascular system and other parts of their body which were not discovered and/or were disguised until about 2005.

11. Plaintiffs are workers who for a substantial length of time have closely used, handled, or otherwise been exposed to the asbestos and asbestos products referred to in Paragraph 9 and 10 above, in a manner that was reasonably foreseeable.

12. Plaintiff is informed and believes that asbestosis is a progressive lung disease caused by inhalation of asbestos fibers without perceptible trauma, and that asbestosis results from exposure to asbestos and asbestos products over a period of time.

13. Plaintiff is informed and believes that malignant mesothelioma refers to the growth of a malignant tumor of the cells lining the various organs in the body-specifically in the chest (pleura), abdomen (peritoneum), and around the heart (pericardium). Affected cells rapidly grow

and can eventually surround and destroy a functioning organ. Mesothelioma is caused by exposure to asbestos fibers that essentially imbed themselves within the layers of the lung.

14. Defendants had a duty to plaintiffs to fully and adequately test their products, to properly design their products, to discover the defects in their products, to warn users or consumers of the dangers involved in using or handling their products, and to give adequate instructions for the use of their products and Defendants breached their duty to Plaintiffs.

### First Cause of Action:

### Negligence

15. At all times and places herein mentioned, Defendants and each of them negligently tested or failed to test, manufactured, designed, developed, selected materials, assembled, inspected, distributed, labeled, advertised, and sold asbestos and products containing asbestos, and failed to give adequate warnings about the known or knowable dangerous nature of asbestos, even though that substance was capable of causing and did, in fact, proximately cause personal injuries to users, consumers, workers, and others, while being used in a reasonably foreseeable manner, rendering those products defective and unsafe and unfit for use by the consumers, users, bystanders, or workers in the way such products are customarily treated, used, and employed, and also negligently failed to discover said defects and find or use a safe substitute insulating material.

16. As a direct and proximate result of the conduct of Defendants as stated above, Plaintiffs are dying, in great pain of mind and body, suffering, and continue to suffer permanent injuries to their person, body, and health, including but not limited to mesothelioma, asbestosis, cancer, all to their general damage in a sum to be determined at trial.

17. As a direct and proximate result of the conduct of the defendants, Plaintiffs have incurred, are presently incurring and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, x-rays, and other medical treatment, the exact amount being unknown to Plaintiffs at this time. Plaintiffs request permission to amend this complaint accordingly when the exact cost of medical treatment is ascertained.

18. As a further direct and proximate result of the conduct of Defendants, Plaintiffs have incurred and will incur, loss of income, wages, a diminishment of earning potential, and other pecuniary losses, and loss of consortium, the full nature and extent of all of which are not yet known to Plaintiffs and Plaintiffs must endure pain and suffering as well. Permission is requested to amend this complaint to conform to proof at the time of trial.

## Second Cause of Action:

## Strict Liability

19. Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

20. That at all times and places mentioned herein, Defendants, and each of them, were engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting, and supplying asbestos and asbestos products.

21. That about the period of time between the years 1925 through 1981 and at other times mentioned herein, the above-described asbestos and asbestos products were in substantially the same condition as at the time of design, manufacture, assembling, testing, inspection, marketing, distribution and sale. Thus, the asbestos product was intended to and did reach the workers such as the Plaintiffs herein without substantial change in the condition in which it was sold.

22. Products made of asbestos are defective, in that the substance was capable of causing and did, in fact, cause personal injuries, including asbestosis, mesothelioma, cancer an/or other lung damage, and cancer, to the users and consumers of it, while being used in a reasonably foreseeable manner, rendering it unsafe and unreasonably dangerous for use by consumers, users, and workers exposed to it.

23. Alternatively, under a failure to warn claim, at all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, were unreasonably dangerous and in a defective condition as to design and marketing, and Defendants failed to warn

or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs

24. As a direct and proximate result of the conduct of Defendants as stated above, Plaintiffs have suffered the injuries and damages previously alleged.

25. By reason of the foregoing, Defendants and each of them, are strictly liable to Plaintiffs.

### Third Cause of Action:

### Warranty of Merchantability

26. Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

27. That at all times and places mentioned herein Defendants, and each of them, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of a merchantable quality, properly designed, manufactured, and reasonably fit and suitable for ordinary use in the ship construction, overhaul, repair, and refitting on U.S. Navy vessels, bases, and installations, including Pearl Harbor shipyard, Subic Bay shipyard and other Pacific locations.

28. At all times and places mentioned herein, Defendants, and each of them, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed, manufactured, fabricated, assembled, supplied, marketed, sold and were distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to harm, and further said asbestos products could not safely be used by a person exercising ordinary and reasonably care.

29. As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as herein set forth.

## Fourth Cause of Action:

## Market Share Liability

30. Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

31. As a direct and proximate result of the Defendants manufacturing asbestos products such as insulation materials utilizing asbestos and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

32. Plaintiffs through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

33. Plaintiffs have joined as Defendants manufacturers representing a substantial share of this products market.

34. Defendants are better able to discover and guard against product defects and to warn of harmful effects.

35. As a direct and proximate result of Defendants' conduct as stated above, Plaintiffs have suffered the injuries and damages previously alleged.

36. Each Defendant manufacturer is liable for Plaintiffs' injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

## Fifth Cause of Action:

## Enterprise Liability

37. Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 14 of the First Cause of Action.

38. As a direct and proximate result of the Defendants manufacturing asbestos material and placing them in the stream of interstate commerce and selling them to the U.S. Navy and/or its contractors and their subsequent use on Navy vessels, bases, and installations, and in shipyards and on ships, and so that the asbestos materials came into use by the Plaintiffs and to which Plaintiffs came into contact, Plaintiffs have been injured as described herein.

39. There is a high probability that the injuries stated herein were caused by the tortious behavior of some, one, or all of the Defendants.

40. Defendants concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products. Defendants had a joint awareness of the risks at issue and a joint capacity to reduce or affect those risks.

41. Each Defendant manufacturer is liable to Plaintiff for all injuries and damages stated herein by mixture of industry-wide or enterprise liability.

## Sixth Cause of Action:

## Unfit for Intended Use

42. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

43. At all times and places mentioned herein, Defendants, and each of them, so designed manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended, and/or delivered the hereinabove described asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way or manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiffs in their capacities as employees of the U.S. Navy.

## Seventh Cause of Action:

## Negligent Misrepresentation

44. Paragraph 1 through 14 are realleged and in and incorporated herein by reference.

45. Beginning in the late 1920's, based on information and belief conspirators Metropolitan Life Insurance Company (hereinafter sometimes referred to as "Metropolitan"), Johns-Manville, Raybestos-Manhattan and others such as Defendants herein undertook a duty to conduct research on asbestos-related health problems and to inform the consuming public about any health risks that could be associated therewith. In approximately 1929, Metropolitan, through its agents and employees acting within the scope of their agency and employment, including but not limited to Dr. Anthony J. Lanza (hereinafter sometimes referred to as "Lanza"), began an

investigation of asbestos-related health hazards. In 1935, this study was altered by Lanza, with the full knowledge of Metropolitan, at the request of and in concert with the asbestos industry in order to wrongly influence the United States Public Health Service, the United States medical community and various state legislatures.

46. Thereafter, Metropolitan through the acts and omissions of its employees, most notably Dr. Lanza, undertook a serious of activities with various members of the asbestos industry including but not limited to Johns-Manville, Raybestos-Manhattan, United States Gypsum, American Brake Blok, and others to suppress and misrepresent the dangers of exposure to asbestos dust to employees of Metropolitan's insureds and the general public and the medical community.

47. The conspirators through their agent, Dr. Lanza of Metropolitan, made a concerted effort to discredit and to terminate the studies and experiments of certain scientists who were developing data of profound importance for the area of public health in relation to cancer hazard which existed for workers and bystanders in the asbestos industry.

48. As a direct and proximate result of Metropolitan's intentional publication of deceptive and misleading medical data and information, and other conspiratorial acts and omissions, Defendants caused asbestos to be used in the occupational settings where Plaintiffs worked and subsequently breathed asbestos dust which resulted in Plaintiffs' injuries. Metropolitan Life, through its agents and employees and officers, aided and abetted and gave substantial assistance to Johns-Manville and Raybestos-Manhattan in their tortious selling of asbestos products and voluntarily undertook a duty to warn the U.S. Navy, the U.S. Public Health Service, the medical community, and others about the danger of asbestos and consciously and negligently misrepresented the dangers of asbestos to the U.S. Navy, the U.S Public Health Service, the medical community, and others, all to the ultimate harm of Plaintiffs herein. As a result of such conduct, Plaintiffs have suffered injuries and damages as further alleged herein.

## Eight Cause of Action:

## Punitive Damages

49. Paragraphs 1 through 14 are realleged and incorporated herein by reference.

50. Plaintiffs and others were employed by the United States Navy and were working in close proximity to the asbestos piping, and asbestos-related insulation materials of Defendants, and the presence of Plaintiffs as well as others in their position, was known, or, in the exercise of reasonable care, should have been anticipated by the Defendants, and each of them.

51. The Defendants, and each of them, have been possessed since 1929 of medical and scientific data which clearly indicates that the products, asbestos and asbestos-related insulation products, were hazardous to the health and safety of Plaintiffs and others in their position, and prompted by pecuniary motives, the Defendants, and each of them, individually and collectively, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendants. As a result, the Plaintiffs have been severely damaged as is set forth below.

52. At all times and places mentioned herein, Defendants, and each of them, negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed, in a manner as to amount to malicious, fraudulent and/or oppressive disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against each Defendant, in the amount to be shown at trial.

**WHEREFORE**, Plaintiff requests judgment against Defendants for:

1. General damages as are proven at the time of trial;
2. Special damages as are proven at the time of trial;
3. Punitive damages as are proven at the time of trial;

4. For costs incurred herein; and

5. For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a jury trial on all issues so triable.

Dated this 2nd day of August, 2005.

LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP

By: _____
JOHN S. UNPINGCO
Attorneys for Plaintiffs

| Defendant | Headquarters | State of Incorporation | Agent for Service of Process |
|---|---|---|---|
| A. P. Green Industries, Inc. | Mexico MO 65265 | DE | CT Corporation System, 120 S. Central Av, Clayton MO 63105 |
| A. P. Green Services, Inc. | 30600 Telegraph Road, Bingham Farms MI 48025 | MI | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| A. W. Chesterton Company | 225 Fallon Rd., Stoneham MA 02180 | MA | Joseph E. Riley, % A. W. Chesterton Company, 225 Fallon Rd, Stoneham MA 02180 |
| Amchem Products, Inc. | 2200 Renaissance Blvd., Suite 200, Gulph Mills PA 19406 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Armstrong World Industries, Inc. | 2500 Columbia Ave., Lancaster PA 17603 | PA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Asbestos Claims Management Corporation | 2001 Rexford, Charlotte NC 28211 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Babcock & Wilcox Company | 1450 Poydras St., New Orleans LA 70112 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Combustion Engineering, Inc. | 900 Long Ridge Road, Stamford CT 06904 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dow Chemical Company | 901 Loveridge Rd., Pittsburgh PA 94565 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dresser Industries, Inc. | 4100 Clinton Dr., Houston TX 77020 | DE (DE records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| | | | |

| Flexitallic, Inc. | 6914 LaPorte Rd., Deer Park TX 77436 | TX (TX records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
|---|---|---|---|
| Flintkote Company | 777A Long Ridge Rd., Stamford CT 06902 | MA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Foster Wheeler Corporation | Perryville Corporate Park, Clinton NJ 088409-4000 | DE/NY (DE/NY records show no such corporation; Foster Wheeler Avon, Inc. is listed in DE). | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 (for Foster Wheeler Avon, Inc.) |
| GAF Corporation | Q361 Alps Rd., Wayne NJ 07470 | DE | Prentice-Hall Corporation Systems, Inc., 2711 Centerville Road, Suite 400, Wilmington DE 19808 |
| Garlock, Inc. | 4 Coiseum Centre, 2730 West Tyvola Rd., Charlotte NC 28217 | DE/OH (Ohio records show corporation "merged" out of existence.) | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Georgia-Pacific Corporation | 133 Peachtree St., Atlanta GA 30303 | GA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Harbison-Walker Refractories Co. | 400 Fairway Dr., Moon Twp. PA 15108 | DE (Harbison-Walker is subsidiary of AHN Refractories Company, same HQ. | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Honeywell International, Inc. | 101 Columbia Rd., Morristown NJ 07960 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| John Crane, Inc. | 6400 W. Oakton St., Morton Grove IL 60053 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |

| Kaiser Gypsum Company, Inc | 3000 Busch Rd., Pleasanton CA 90017 | WA | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
|---|---|---|---|
| Metropolitan Life Insurance Company | MetLife, Inc. 200 Park Avenue New York, NY 10166 | NY | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens Corning | One Owens Corning Parkway, Toledo OH 43569 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens-Illinois, Inc. | One Seagate, Toledo OH 43666 | OH | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| Pittsburgh Corning Corporation | 800 Presque Isle Dr., Pittsburgh PA 15239 | PA | |
| Quigley Company, Inc. | C/O Pfizer, Inc., 235 East 42nd St., New York NY 10017-5755 | NY | CT Corporation System, 111 Eighth Avenue, New York NY 10011 |
| United States Gypsum Company | 125 South Franklin St., Chicago IL 60606 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Viacom, Inc. | 1515 Broadway New York NY 10036 | DE | Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808 |

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CESS NAVARRO OLMO,
RONNIE PASCUAL FERRERAS

(b) County of Residence of First Listed Plaintiff __Philippines__
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Lujan Unpingco, Aguigui & Perez, LLP
238 Archbishop St., Suite 300
Hagatna, Guam 96910 (671)477-8064/5

## DEFENDANTS
A.P. GREEN INDUSTRIES, INC., et.al.
(pls. see attached listings)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☒ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USCE 1332
Brief description of cause:
Asbestos, Personal Injury Product Liability

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 8/5/05
SIGNATURE OF ATTORNEY OF RECORD [signature]

**RECEIVED**
AUG -5 2005
DISTRICT COURT OF GUAM
HAGATNA, GUAM

FOR OFFICE USE ONLY
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Case 1:05-cv-00025   Document 1-2   Filed 08/05/2005   Page 1 of 4

| Defendant | Headquarters | State of Incorporation | Agent for Service of Process |
|---|---|---|---|
| A. P. Green Industries, Inc. | Mexico MO 65265 | DE | CT Corporation System, 120 S. Central Av, Clayton MO 63105 |
| A. P. Green Services, Inc. | 30600 Telegraph Road, Bingham Farms MI 48025 | MI | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| A. W. Chesterton Company | 225 Fallon Rd., Stoneham MA 02180 | MA | Joseph E. Riley, % A. W. Chesterton Company, 225 Fallon Rd, Stoneham MA 02180 |
| Amchem Products, Inc. | 2200 Renaissance Blvd., Suite 200, Gulph Mills PA 19406 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Armstrong World Industries, Inc. | 2500 Columbia Ave., Lancaster PA 17603 | PA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Asbestos Claims Management Corporation | 2001 Rexford, Charlotte NC 28211 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Babcock & Wilcox Company | 1450 Poydras St., New Orleans LA 70112 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Combustion Engineering, Inc. | 900 Long Ridge Road, Stamford CT 06904 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dow Chemical Company | 901 Loveridge Rd., Pittsburgh PA 94565 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Dresser Industries, Inc. | 4100 Clinton Dr., Houston TX 77020 | DE (DE records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |

| Flexitallic, Inc. | 6914 LaPorte Rd., Deer Park TX 77436 | TX (TX records show no such corporation, may have gone bankrupt) | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| --- | --- | --- | --- |
| Flintkote Company | 777A Long Ridge Rd., Stamford CT 06902 | MA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Foster Wheeler Corporation | Perryville Corporate Park, Clinton NJ 088409-4000 | DE/NY (DE/NY records show no such corporation; Foster Wheeler Avon, Inc. is listed in DE). | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 (for Foster Wheeler Avon, Inc.) |
| GAF Corporation | Q361 Alps Rd., Wayne NJ 07470 | DE | Prentice-Hall Corporation Systems, Inc., 2711 Centerville Road, Suite 400, Wilmington DE 19808 |
| Garlock, Inc. | 4 Coiseum Centre, 2730 West Tyvola Rd., Charlotte NC 28217 | DE/OH (Ohio records show corporation "merged" out of existence.) | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Georgia-Pacific Corporation | 133 Peachtree St., Atlanta GA 30303 | GA | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Harbison-Walker Refractories Co. | 400 Fairway Dr., Moon Twp. PA 15108 | DE (Harbison-Walker is subsidiary of AHN Refractories Company, same HQ. | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Honeywell International, Inc. | 101 Columbia Rd., Morristown NJ 07960 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| John Crane, Inc. | 6400 W. Oakton St., Morton Grove IL 60053 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |

| Kaiser Gypsum Company, Inc | 3000 Busch Rd., Pleasanton CA 90017 | WA | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
|---|---|---|---|
| Metropolitan Life Insurance Company | MetLife, Inc. 200 Park Avenue New York, NY 10166 | NY | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens Corning | One Owens Corning Parkway, Toledo OH 43569 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Owens-Illinois, Inc. | One Seagate, Toledo OH 43666 | OH | CT Corporation System, 818 West Seventh St., Los Angeles CA 90017 |
| Pittsburgh Corning Corporation | 800 Presque Isle Dr., Pittsburgh PA 15239 | PA | |
| Quigley Company, Inc. | C/O Pfizer, Inc., 235 East 42nd St., New York NY 10017-5755 | NY | CT Corporation System, 111 Eighth Avenue, New York NY 10011 |
| United States Gypsum Company | 125 South Franklin St., Chicago IL 60606 | DE | Corporation Trust Co. 1209 Orange St., Wilmington DE 19801 |
| Viacom, Inc. | 1515 Broadway New York NY 10036 | DE | Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington DE 19808 |