THOMAS C. STERLING
KLEMM, BLAIR, STERLING & JOHNSON
A Professional Corporation
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña 96910-5205, Guam
Phone: (671) 477-7857
Fax: (671) 472-4290

*Attorneys for Defendant Metropolitan Life Insurance Company*

FILED
DISTRICT COURT OF GUAM
OCT 2 0 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES
DISTRICT COURT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS,<br><br>Plaintiffs,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., et al.<br><br>Defendants. | CIVIL CASE NO.: CV05-00025<br><br>**ANSWERS AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO CROSS-CLAIMS OF ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS** |

Comes now Metropolitan Life Insurance Company ("Metropolitan Life"), one of the Defendants in the above-styled and numbered cause, by and through counsel, and answers the Plaintiffs' First Amended Complaint ("Complaint") and each and every Cross-Claim filed hereafter by any other Defendant or Third-Party Defendant as follows:

1. The allegations contained in paragraph 1 of the Complaint are conclusions of law, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

2. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

1

3. Metropolitan Life denies the allegations contained in paragraph 3 of the Complaint, including all of its subparts, insofar as the allegations are directed against Metropolitan Life, except that Metropolitan Life admits that it is a life insurance company of the State of New York. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint, including all of its subparts, to the extent said allegations relate to others.

4. The allegations contained in paragraph 4 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them.

5. The allegations contained in paragraph 5 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them.

6. Metropolitan Life denies the allegations contained in paragraph 6 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint to the extent said allegations relate to others.

7. The allegations contained in paragraph 7 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them.

8. Metropolitan Life denies the allegations contained in paragraph 8 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint to the extent said allegations relate to others.

9. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of paragraph 9 of the Complaint. Metropolitan Life denies the allegations contained in the remainder of paragraph 9 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of paragraph 9 of the Complaint to the extent said allegations relate to others.

10. Metropolitan Life denies the allegations contained in paragraph 10 of the Complaint.

11. Metropolitan Life denies the allegations contained in paragraph 11 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint to the extent said allegations relate to others.

12. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. The allegations contained in paragraph 14 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

//

## AS TO THE FIRST CAUSE OF ACTION

15. The allegations contained in paragraph 15 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

16. The allegations contained in paragraph 16 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

17. The allegations contained in paragraph 17 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

18. The allegations contained in paragraph 18 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

## AS TO THE SECOND CAUSE OF ACTION

19. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 19 of the Complaint.

20. Metropolitan Life denies the allegations contained in paragraph 20 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life

is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint to the extent said allegations relate to others.

21. Metropolitan Life denies the allegations contained in paragraph 21 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint to the extent said allegations relate to others.

22. The allegations contained in paragraph 22 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

23. The allegations contained in paragraph 23 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

24. Metropolitan Life denies the allegations contained in paragraph 24 of the Complaint, insofar as the allegations are directed against Metropolitan Life, and it denies that it is liable to the Plaintiffs or anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint to the extent said allegations relate to others.

25. The allegations contained in paragraph 25 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed

allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

### AS TO THE THIRD CAUSE OF ACTION

26. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 26 of the Complaint.

27. The allegations contained in paragraph 27 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

28. The allegations contained in paragraph 28 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

29. The allegations contained in paragraph 29 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

### AS TO THE FOURTH CAUSE OF ACTION

30. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 30 of the Complaint.

31. Metropolitan Life denies the allegations contained in paragraph 31 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint to the extent said allegations relate to others.

32. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint.

33. Metropolitan Life denies the allegations contained in paragraph 33 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint to the extent said allegations relate to others.

34. Metropolitan Life denies the allegations contained in paragraph 34 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint to the extent said allegations relate to others.

35. Metropolitan Life denies the allegations contained in paragraph 35 of the Complaint, insofar as the allegations are directed against Metropolitan Life, and it denies that it is liable to the Plaintiffs or anyone else for any amount. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint to the extent said allegations relate to others.

36. The allegations contained in paragraph 36 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

## AS TO THE FIFTH CAUSE OF ACTION

37. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 37 of the Complaint.

38. Metropolitan Life denies the allegations contained in paragraph 38 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint to the extent said allegations relate to others.

39. The allegations contained in paragraph 39 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them insofar as the allegations are directed against Metropolitan Life, and is without knowledge or information sufficient to form a belief as to their truth to the extent said allegations relate to others.

40. Metropolitan Life denies the allegations contained in paragraph 40 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint to the extent said allegations relate to others.

41. The allegations contained in paragraph 41 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

//

//

### AS TO THE SIXTH CAUSE OF ACTION

42. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 42 of the Complaint.

43. Metropolitan Life denies the allegations contained in paragraph 43 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint to the extent said allegations relate to others.

### AS TO THE SEVENTH CAUSE OF ACTION

44. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 44 of the Complaint.

45. Metropolitan Life denies the allegations contained in paragraph 45 of the Complaint.

46. Metropolitan Life denies the allegations contained in paragraph 46 of the Complaint.

47. Metropolitan Life denies the allegations contained in paragraph 47 of the Complaint.

48. Metropolitan Life denies the allegations contained in paragraph 48 of the Complaint.

### AS TO THE EIGHTH CAUSE OF ACTION

49. Metropolitan Life reasserts and incorporates by reference its responses to paragraphs 1 through 14 of the Complaint, inclusive, as though fully set forth herein in response to paragraph 49 of the Complaint.

9

Case 1:05-cv-00025   Document 56   Filed 10/20/2005   Page 9 of 19

50. Metropolitan Life denies the allegations contained in paragraph 50 of the Complaint, insofar as the allegations are directed against Metropolitan Life. Metropolitan Life is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint to the extent said allegations relate to others.

51. Metropolitan Life denies the allegations contained in paragraph 51 of the Complaint, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

52. The allegations contained in paragraph 52 of the Complaint are conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

53. The first unnumbered paragraph following paragraph 52 of the Complaint, including all of its subparts, contains prayer for relief and conclusions of law, for which no response is required; to the extent that they are deemed allegations of fact, Metropolitan Life denies them, and it denies that it is liable to the Plaintiffs or anyone else for any amount.

54. The allegations contained in the second unnumbered paragraph following paragraph 52 of the Complaint are Plaintiffs' characterization of their case and demand for a trial by jury, for which no response is required; to the extent they may be deemed allegations of fact, Metropolitan Life denies them.

55. All allegations not specifically admitted above are hereby denied.

**FIRST DEFENSE**

The allegations of the Complaint and each Count thereof fail to state a claim against Metropolitan Life upon which relief can be granted.

//

## SECOND DEFENSE

The claims in the Complaint and each Count thereof are barred by the appropriate statute of limitations.

## THIRD DEFENSE

Plaintiffs' negligence equals or exceeds any negligence of any Defendant, and Plaintiffs' claims therefore are barred by the doctrine of comparative and/or contributory negligence.

## FOURTH DEFENSE

Plaintiffs' negligence must be compared to the negligence, if any, of Defendants, and Plaintiffs' recovery, if any, must be reduced, under the doctrine of comparative negligence, by Plaintiffs' corresponding degree of negligence.

## FIFTH DEFENSE

Plaintiffs' claims are barred by the operation of the doctrine of laches.

## SIXTH DEFENSE

Plaintiffs' claims are barred by the operation of the doctrine of estoppel.

## SEVENTH DEFENSE

Plaintiffs' claims are barred by the operation of the doctrine of waiver.

## EIGHTH DEFENSE

Plaintiffs assumed the risk of any injuries allegedly sustained as a result of exposure to asbestos-containing products used by or near Plaintiffs.

## NINTH DEFENSE

Whatever damages were incurred by the Plaintiffs were the result of intervening and/or superseding acts or omissions of parties over whom this Defendant had no control.

//

## TENTH DEFENSE

At all times relevant hereto, the knowledge of Plaintiffs' employers was superior to that of Metropolitan Life with respect to possible health hazards associated with Plaintiffs' employment, and therefore, if there was any duty to warn Plaintiffs or provide protection to them, it was the duty of said employers, not of Metropolitan Life, and breach of that duty was an intervening and/or superseding cause of the injuries alleged by Plaintiffs.

## ELEVENTH DEFENSE

In the event that it be shown that Plaintiffs used any product or material, as alleged in the Complaint, which gave rise to the injuries as set forth therein, the same was misused, abused, modified, altered, or subjected to abnormal use.

## TWELFTH DEFENSE

Plaintiffs and their employers were sophisticated users of products containing asbestos and had adequate knowledge of the dangers and risks associated with using or working around asbestos.

## THIRTEENTH DEFENSE

The claims in the Complaint and each Count thereof that seek an award of exemplary or punitive damages fail to state a claim against Metropolitan Life upon which relief can be granted.

## FOURTEENTH DEFENSE

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to procedural due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 5, and all other applicable provisions, of the Organic Act of Guam.

//

### FIFTEENTH DEFENSE

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to procedural substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sections 1 and 5, and all other applicable provisions, of the Organic Act of Guam.

### SIXTEENTH DEFENSE

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to equal protection under the law and are otherwise unconstitutional under the Fourteenth Amendment of the United States Constitution and Article I, Sections 1 and 6, and all other applicable provisions, of the Organic Act of Guam.

### SEVENTEENTH DEFENSE

The claims in the Complaint and each Count thereof that seek exemplary or punitive damages violate Metropolitan Life's right to protection from "excessive fines" as provided for in the United States Constitution and the Organic Act of Guam.

### EIGHTEENTH DEFENSE

The actions of Metropolitan Life were within its rights under the First Amendment to the United States Constitution and the Organic Act of Guam and are fully protected thereby.

### NINETEENTH DEFENSE

Plaintiffs should have taken action to minimize or eliminate damages, and therefore Plaintiffs are precluded from recovering damages, or their damages are reduced, by operation of the doctrine of avoidable consequences.

//

//

13

Case 1:05-cv-00025   Document 56   Filed 10/20/2005   Page 13 of 19

**TWENTIETH DEFENSE**

Metropolitan Life did not authorize, approve, or ratify the acts or omissions attributed to it in the Complaint.

**TWENTY-FIRST DEFENSE**

Metropolitan Life states that it cannot be held liable as a matter of law for injuries or damages allegedly sustained as a result of exposure to asbestos-containing products allegedly used by or near the Plaintiffs, to the extent such exposure was to asbestos-containing products manufactured and distributed by others pursuant to and in strict conformity with specific regulations and specifications set forth by the United States Government. Metropolitan Life avers further that all times relevant to the allegations contained in the Complaint, the products allegedly containing asbestos substantially conformed to those specifications set forth and approved by the United States Government, and the United States Government had actual knowledge of the hazards, if any, associated with exposure to asbestos.

**TWENTY-SECOND DEFENSE**

Metropolitan Life is entitled to a set-off or credit in the amount of any settlement or compromise heretofore or hereafter reached by Plaintiffs with any other person for any of Plaintiffs' alleged damages.

**TWENTY-THIRD DEFENSE**

The Complaint should be dismissed pursuant to Rule 9 (b) of the Rules of Civil Procedure.

**TWENTY-FOURTH DEFENSE**

Metropolitan Life would show unto the Court that multiple awards of punitive damages against it would violate the Organic Act of Guam; and the prohibition against being

14

twice placed in jeopardy for the same offense embodied in the Fifth and Fourteenth Amendments of the United States Constitution.

### TWENTY-FIFTH DEFENSE

Plaintiffs' alleged injuries and damages, if any, were proximately caused by or contributed by the exposure or inhalation of noxious and deleterious fumes and residues from industrial products or by-products prevalent on his job sites, by the cumulative effects of exposure to all types of environmental and industrial pollutants of air and water, or by substances, products, or other causes not attributable to or connected with Metropolitan Life.

### TWENTY-SIXTH DEFENSE

The Complaint fails to name both necessary and indispensable parties in whose absence complete relief cannot be accorded among those already parties. Therefore, this action must be dismissed, or alternatively, the action should be stayed pending other appropriate relief by the Court.

### TWENTY-SEVENTH DEFENSE

Defendant Metropolitan Life would show unto the Court that the events which allegedly form the basis for the Plaintiffs' alleged causes of action against Metropolitan Life arose prior to the elimination of the common law privity requirement in negligence and strict liability actions. As such, the Plaintiffs are subject to the common law requirement that they be in privity with Defendant Metropolitan Life. Inasmuch as no such privity existed, Metropolitan Life is not a proper party to this action.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiffs' spouses are barred by Plaintiffs' contributory and/or comparative negligence and/or assumption of risk and/or any other defense asserted herein.

//

### TWENTY-NINTH DEFENSE

The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of accord and satisfaction.

### THIRTIETH DEFENSE

The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of release and settlement.

### THIRTY-FIRST DEFENSE

The Plaintiffs' claims should be denied to the extent they are barred by the operation of the doctrine of payment.

### THIRTY-SECOND DEFENSE

The Complaint should be dismissed because of improper venue.

### THIRTY-THIRD DEFENSE

The Complaint should be dismissed under the doctrine of <u>forum non conveniens</u>.

### THIRTY-FOURTH DEFENSE

The Complaint should be dismissed because the Court lacks personal jurisdiction.

### THIRTY-FIFTH DEFENSE

The Complaint should be dismissed because there has been insufficient service of process.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claim of market share liability is not a recognized theory of recovery in Guam and therefore it fails to state a claim upon which relief may be granted.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claim of industry wide or enterprise liability is not a recognized theory of recovery in Guam and therefore it fails to state a claim upon which relief may be granted.

## THIRTY-EIGHTH DEFENSE

Defendant Metropolitan Life hereby incorporates by reference any and all affirmative defenses heretofore or hereinafter set forth by co-defendants as though fully set forth herein.

## ANSWER TO CROSS-CLAIMS

Metropolitan Life denies every allegation of each and every Cross-Claim insofar as said allegations apply to Metropolitan Life.

Metropolitan Life denies any liability with respect to each and every count and every Cross-Claim insofar as said counts apply to Metropolitan Life.

Metropolitan Life denies that it is liable to indemnify any other Defendant or Third-Party Defendant in this action.

Metropolitan Life denies that any Defendant or Third-Party Defendant is entitled to contribution from Metropolitan Life in this action.

In response to each and every Cross-Claim, Metropolitan Life adopts by reference all denials set forth above, as though fully set forth herein.

In response to each and every Cross-Claim, Metropolitan Life adopts by reference all Defenses set forth above, as though fully set forth herein, as Defenses to each and every Cross-Claim.

**WHEREFORE**, Metropolitan Life demands that:

(a)  the Complaint be dismissed with prejudice as to Metropolitan Life;

(b)  Plaintiffs' demand for relief be denied in every respect;

(c)  Metropolitan Life be awarded costs in connection with this litigation, including reasonable attorneys' fees;

//
//

17

(d) The Court grant such other and further relief as may be just, proper, and equitable; and

(e) Metropolitan Life requests a trial by jury.

KLEMM, BLAIR, STERLING & JOHNSON
A PROFESSIONAL CORPORATION

DATED: OCTOBER 19, 2005  BY: /s/

THOMAS C. STERLING
*Attorneys for Defendant Metropolitan Life Insurance Company*

E62\48841-04
G:\WORD97\OFFICE\WORDDOC\PLD\TCS\256-ANSWERS AND DEFENSES OF METROPOLITAN
LIFE INSURANCE RE OLMO ET AL V A P GREEN INDUSTRIES INC ET AL.DOC

18

# CERTIFICATE OF SERVICE

I, **THOMAS C. STERLING**, hereby certify that on October 20, 2005, I will cause to be served, via hand delivery, a true and correct copy of the **ANSWERS AND DEFENSES OF METROPOLITAN LIFE INSURANCE COMPANY TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND TO CROSS-CLAIMS OF ANY AND ALL OTHER DEFENDANTS AND THIRD-PARTY DEFENDANTS** upon the following counsel of record, addressed as follows:

John S. Unpingco, Esq.
LUJAN, UNPINGCO, AGUIGUI & PEREZ, LLP
Suite 300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
DOOLEY ROBERTS & FOWLER LLP
Attorneys at Law
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913

Anita P. Arriola, Esq.
ARRIOLA, COWAN & ARRIOLA
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

John B. Maher, Esq.
MAHER·YANZA·FLYNN·TIMBLIN, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910-5004

Dated this 20th day of October, 2005.

THOMAS C. STERLING