# ORIGINAL

CARLSMITH BALL LLP

J. PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
A.W. Chesterton Company



**FILED**
DISTRICT COURT OF GUAM
OCT 27 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO and RONNIE PASCUAL FERRERAS,<br><br>Plaintiffs,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FELITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON-WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS CORNING, OWENS-ILLINOIS, INC., PITTSBURG CORNING CORPORATION, QUIGLEY COMPANY, INC., UNITED STATES GYPSUM COMPANY, and VIACOM, INC.,<br><br>Defendants. | CIVIL CASE NO. CV05-00025<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT A.W. CHESTERTON COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT; DECLARATION OF SERVICE** |

A.W. Chesterton submits this Memorandum of Points and Authorities in support of its Motion to Dismiss Plaintiffs' First Amended Complaint (the "Complaint").

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS

Plaintiffs have filed this action against Defendant A.W. Chesterton Company ("Chesterton") and the other defendants in the Unites States District Court of Guam based on the Court's diversity jurisdiction. Complaint at ¶ 1.

Plaintiffs have made the following claims: negligence, strict liability, warranty of merchantability, market share liability, enterprise liability, unfit for intended use, negligent misrepresentation and punitive damages. See, generally, the Complaint. Plaintiffs have alleged that they were exposed to asbestos while employed by the United States Navy and this exposure caused their alleged damages and injuries. Id. at ¶s 9 & 10.

Plaintiffs are citizens and residents of the Republic of the Philippines. Id. at ¶ 2. Plaintiffs have alleged that Chesterton's headquarters is in Stoneham, Massachusetts; is incorporated in Massachusetts; and has an agent for service of process in Stoneham, Massachusetts. Id. at ¶ 3 and attached Exhibit A at ¶ 23.

The Hoyle Affidavit establishes the following: Chesterton is not incorporated on Guam; Chesterton has no office, telephone account, telephone listing or mailing address on Guam; Chesterton has no bank account on Guam; Chesterton does not advertise on Guam; Chesterton is not qualified or licensed to do business on Guam; Chesterton does not conduct any business on Guam; none of Chesterton's officers, directors, employees or agents reside on Guam or are domiciled on Guam; Chesterton does not own any property on Guam; Chesterton does not engage in any direct sales or marketing on Guam.

Plaintiffs have mentioned Guam twice in their complaint. In paragraph 9 of the Complaint, Plaintiffs allege:

> Plaintiffs were employed by the United States Navy about or during 1966 to 1992 and worked on various Navy vessels, bases and installations including those located in and around the Pacific and other locations including Pearl Harbor Shipyard and Subic Bay shipyard, and worked on board said ships going to and from the Philippines and <u>Guam</u> where the asbestos products were repeatedly used. Among the duties assigned to Plaintiffs was the removal and replacement of certain piping and/or insulation in the ships. The piping and/or insulation material contained asbestos or was an asbestos product supplied to the Navy by some or all the Defendants

(underline added). In paragraph 8 of the Complaint, Plaintiffs allege:

> At or about the period of time 1925 and 1981, Defendants manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval shipyard, <u>Guam</u> Naval shipyard, Subic Bay Naval shipyard, in the general overhaul, building, refitting, and maintenance of ships and which products ultimately used by those serving and/or working in the U.S. Navy and/or to which they came into contact.

(underline added).

## II. **LACK OF PERSONAL JURISDICTION**

### A. **SUMMARY OF ARGUMENT**

In order to meet the due process requirements for personal jurisdiction over Chesterton, Plaintiffs have the burden of showing that the Court has either general personal jurisdiction or specific personal jurisdiction To establish general personal jurisdiction, Defendants' activities in Guam must be continuous and systematic or substantial. Plaintiffs have not alleged any continuous and systematic or substantial activities in Guam. The Hoyle Affidavit shows that Chesterton does not conduct any such activities on Guam nor has ever conducted these activities in the Territory.

Therefore, this Court does not have general personal jurisdiction over Chesterton.

Specific personal jurisdiction is established by a three part test. Plaintiffs must show: (1) that Chesterton has purposefully availed itself of the privilege of conducting activities on Guam; (2) the claim must arise out of Chesterton's Guam-related activities; (3) the exercise of jurisdiction must be reasonable. As to items (1) and (2), Plaintiffs have not alleged that Chesterton conducted any activities on Guam or that the claim arose out of Guam-related activities. The Hoyle Affidavit shows that Chesterton did not conduct any such activities on Guam during the years in question.

As to item (3), to establish the reasonableness of jurisdiction on Guam, Plaintiffs must show contacts, ties or relations with Guam. Plaintiffs only allege that they worked on ships going between Guam and the Philippines and that the defendants' asbestos products were ultimately used on Naval vessels. Therefore, any products of Chesterton on Guam, which allegedly caused injury, were brought there by a consumer, the Navy, not by Chesterton. Consequently, Plaintiffs have not alleged the requisite contacts, ties or relations with Guam for establishing that jurisdiction on Guam is reasonable. The Hoyle Affidavit shows that Chesterton did not have contacts, ties or relations with Guam. Therefore, this court does not have specific personal jurisdiction.

Since both general and specific jurisdiction are lacking, the Court does not have personal jurisdiction over Chesterton in this case.

### B. LAW AND ANALYSIS

Congress established the District Court of Guam and defined its jurisdiction. The District Court of Guam has been given the same jurisdiction as a district court of the United States. 48 USC § 1424(b). Hence, the same principals of jurisdiction that apply to the United States

District Courts in the fifty states apply to the District Court of Guam.

Plaintiffs bear the burden of establishing personal jurisdiction. Farmers Ins. Ex. v. Portage La Prairie Mut. Ins. Co., 907 F.2d 911, 912 (9th Cir. 1990). To establish personal jurisdiction, a Plaintiff must show both that the forum state's long-arm statute confers personal jurisdiction over the non resident defendant and that the exercise of jurisdiction comports with federal due process. Gray & Co. v. Firstenberg Machinery Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

Guam's long-arm statute is found in 7 GCA § 14109 which provides: "A court of this Territory may exercise jurisdiction on any basis not inconsistent with the Organic Act or the Constitution of the United States." The Guam Organic Act, like the United States Constitution, provides: "No person shall be deprived of life, liberty, or property without due process of law." 48 USC § 1421b(e). Therefore, "[t]he text of § 14109 clearly permits the exercise of jurisdiction up to and including all that is constitutionally permissible." PCI Communications, Inc. v. GST Pacwest Telecom Hawaii, Inc., 1999 Guam 17, ¶ 17. Hence, the jurisdictional parameters of Guam's long-arm statute and the federal due process requirements for jurisdiction are the same.

Due process requires a defendant to have a minimum level of contacts with the forum before personal jurisdiction may be exercised. Farmers Ins. Ex., 907 F.2d at 913, citing International Shoe Co. v. State of Washington, 326 U.S. 310, 316 (1945). In order for personal jurisdiction to lie, a defendant must have meaningful contacts, ties, or relations with the forum. Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). Personal jurisdiction may be classified as general personal jurisdiction or specific personal jurisdiction. If a non-resident defendant's activities in the state are continuous and systematic, or substantial, the court may assert general jurisdiction over a cause of action, even if it is unrelated to the

defendant's forum activities. Id. If the defendant's contacts are neither substantial, nor continuous and systematic, but the cause of action arises out of or is related to the defendant's forum activities, "limited" or "specific" personal jurisdiction exists. Id.

1. **GENERAL JURISDICTION**

General personal jurisdiction looks at a defendant's activities in the state. To determine if a defendant's activities qualify as "continuous and systematic" or "substantial," a court examines all of the defendant's activities that impact the state, including whether the defendant makes sales, solicits or engages in business, serves the state's markets, designates an agent for service of process, holds a license, has employees, or is incorporated there. Id. at 1478. Chesterton is not incorporated on Guam, has no office or mailing address on Guam, has no bank account on Guam and does not advertise on Guam. Hoyle Affidavit *Supra*. Chesterton has never been qualified or licensed to do business on Guam and does not conduct any business on Guam. Id. None of Chesterton's officers, directors, employees or agents reside on Guam or are domiciled on Guam. Id. Chesterton does not own any property on Guam. Id. Therefore, Chesterton does not have continuous and systematic or substantial activities on Guam. Furthermore, Plaintiffs have not alleged any contacts between Chesterton and Guam that would establish general personal jurisdiction. As a result, the Guam District Court does not have general personal jurisdiction over Chesterton.

2. **SPECIFIC JURISDICTION**

Specific personal jurisdiction looks at a defendant's forum contacts in relation to the defendant's claims. Specific jurisdiction may be exercised when the nature and quality of the defendant's contacts with the forum state are significant in relation to the specific claim for relief. Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 839 (9th Cir. 1986). The

Ninth Circuit has established a three-factor test for determining when a state may constitutionally exercise specific jurisdiction over a defendant.

> (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or results from the defendant's forum-related activities;
>
> (3) the exercise of jurisdiction must be reasonable.

Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1188-9 (9th Cir. 2001).[1]

The first factor of the test for specific personal jurisdiction is purposeful availment. The purposeful availment requirement ensures that a nonresident defendant will not be haled into court based upon random, fortuitous, or attenuated contacts with the forum state. A non-resident defendant purposefully avails itself of the forum if its contacts with the forum are attributable to (1) intentional acts; (2) expressly aimed at the forum; (3) causing harm, the brunt of which is suffered -- and which the defendant knows is likely to be suffered -- in the forum. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1019 (9th Cir. 2002). Hence, purposeful availment, which is something more than mere foreseeability, is required. Foreseeability alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause. Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 295 (1980) "This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is

---

[1] In a footnote, the Court stated: "Under this analysis, there will be cases in which the defendant has not purposefully directed its activities at the forum state, but has *created sufficient contacts* to allow the state to exercise personal jurisdiction if such exercise is sufficiently reasonable." (italics added). Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d at 1189 fn 2, quoting Brand v. Menlove Dodge, 796 F.2d 1070, 1074 (9th Cir. 1986). As shown in the Hoyle Affidavit, Chesterton has not created contacts with Guam. Therefore, it would not be reasonable for the Court to exercise personal jurisdiction. The reasonableness of exercising personal jurisdiction -- the third factor of the test -- is fully discussed below.

not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." Id. at 297.

Plaintiffs' complaint alleges two contacts with Guam. Plaintiffs allege that they "worked on board said ships going to and from the Philippines and *Guam* where the asbestos products were repeatedly used." (italics added). Complaint at ¶ 9. And, Plaintiffs allege that the defendants "manufactured, sold, and supplied certain generically similar asbestos products <u>which were ultimately used</u> on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval shipyard, *Guam* Naval shipyard, Subic Bay Naval shipyard" and "which products (were) <u>ultimately used</u> by those serving and/or working in the U.S. Navy and/or to which they came into contact." (italics and underline added). Complaint at ¶ 8.

Hence, Plaintiffs have only alleged that they worked on ships which went between the Philippines and Guam and that the defendants' products were "ultimately used" at the Guam Naval shipyard or ships that traveled to Guam. There is no allegation that Chesterton purposefully availed itself of Guam as a market or a place to do business. There is no allegation that Chesterton took any action aimed at Guam that Chesterton knew was likely to cause harm to Plaintiffs. The Hoyle Affidavit shows that Chesterton engaged in no conduct on Guam and had no connection with Guam. Therefore, Chesterton could not reasonably have anticipated being haled into court on Guam. Consequently, the purposeful availment factor for specific personal jurisdiction has not been met.

Under the second factor of the test for specific personal jurisdiction stated in <u>Ochoa</u>, the claim must be one which arises out of or results from the defendant's forum-related activities.

The Hoyle Affidavit shows that Chesterton had no forum related activities and none have been alleged by Plaintiffs.

Under the third and final factor of the test for specific personal jurisdiction stated in Ochoa, the exercise of jurisdiction must be reasonable. Personal jurisdiction requires that a defendant have fair warning that a particular activity may subject the defendant to jurisdiction. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). The critical issue is whether "the defendant's conduct and connection with the forum state are such that he could reasonably anticipate being haled into court there." Worldwide Volkswagen Corp. v. Woodson, 444 U.S. at 297.

Plaintiffs have alleged that they worked on board ships where asbestos products were used and that Navy vessels traveled to and from Guam and the Philippines. Complaint at ¶ 9. Plaintiffs also allege that the defendants' asbestos products were "ultimately used" on Naval vessels. Complaint at ¶ 8. The only alleged connection between Guam and Chesterton is that Chesterton products were "ultimately used" on Naval ships that went to Guam. Any Chesterton products that allegedly came to Guam were brought to Guam by the Navy when the Navy brought one of its ships into Guam's port. Hence, any Chesterton products that allegedly found their way into Guam did not come to Guam through a chain of distribution but were brought to Guam because a consumer -- the Navy -- transported them there.

In Worldwide Volkswagen Corp, the Supreme Court of the United States found that the mere fortuitous circumstance that an automobile sold in New York to New York residents happened to suffer an accident while passing through Oklahoma did not constitute "minimum contacts" with Oklahoma so as to permit Oklahoma courts to exercise jurisdiction consistent with due process. The Supreme Court, quoting from International Shoe Co. v. Washington, 326 U.S.

at 319, the Court stated: "Thus, the Due Process Clause 'does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.' " Worldwide Volkswagen Corp. v. Woodson, 444 U.S. at 565. The Court stated that the defendant must have the requisite contacts, ties or relations with the forum state "even if the forum state is the most convenient location for the litigation." *Id.* at 565-6.

Under the facts in Worldwide Volkswagen Corp, the "minimum contacts" requirement was not met because the consumer brought the product into the forum state, not the defendant. Likewise, the Navy, not Chesterton, brought the products to Guam which were alleged to have caused injury. Chesterton's conduct in Guam did not cause any injury and Chesterton has no contacts, ties or relations with Guam. Consequently, Chesterton could not have reasonably anticipated being haled into a Guam court. Therefore, the exercise of jurisdiction would not be reasonable. As a result, Plaintiffs have not met the third factor of the Ochoa test.

Plaintiffs have not meet any of the three factors for specific personal jurisdiction. Since Chesterton does not conduct any activities in Guam. Additionally, as discussed above, Plaintiffs have not met the requirements for general personal jurisdiction. The Plaintiffs failing to satisfy either the general or specific jurisdiction tests cannot properly assert personal jurisdiction in the District Court of Guam over Chesterton.

### III. **IMPROPER VENUE**

In addition to a lack of personal jurisdiction, venue is not proper because Plaintiffs have not shown that a substantial part of the events or omissions giving rise to the claim occurred on Guam.

The plaintiff bears the burden of showing that venue is proper in the chosen district.

Piedmont Label Co. v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir.1979). Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction. King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992). Dismissal of an action for improper venue, rather than transfer, is not an abuse of discretion. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.1986).

Plaintiffs have alleged jurisdiction based only on diversity of citizenship. Complaint at ¶ 1. The venue requirements for an action based on diversity are contained in 28 USCA 1391(a) which states:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendants reside, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Since numbers (1) and (3) of the statute do not apply in this case, Plaintiffs have alleged that venue is based on number (2), alleging that "a substantial part of the events giving rise to the claims occurred on Guam." Complaint at ¶ 4.

Plaintiffs claim damages and injuries resulting from exposure to asbestos. Plaintiffs have alleged that they worked on board ships where asbestos products were used and that Navy vessels traveled to and from Guam and the Philippines. Complaint at ¶ 9. Plaintiffs have alleged that they are citizens and residents of the Republic of the Philippines. Complaint at ¶ 2. The only connection between the Plaintiffs and Guam is the allegation that Naval ships traveled between Guam and the Philippines. Plaintiffs have not alleged that any ship on which they worked had its home port on Guam. A ship berthing on Guam does not establish that a substantial part of the Plaintiffs' alleged exposure to asbestos took place on Guam. Hence, Plaintiffs have not met the

requirement that a substantial part of the events or omissions giving rise to the claim occurred on Guam. Therefore, venue is not proper.

## IV. CONCLUSION

In this case, the Court lacks both general and special personal jurisdiction over Chesterton. Therefore, Chesterton requests the Court to dismiss all the claims against it, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction

As an additional ground for dismissal, Plaintiffs have not shown that a substantial part of the events or omissions giving rise to the claim occurred on Guam. Therefore, Chesterton requests the Court to dismiss all the claims against it, pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, because venue is not proper.

DATED: Hagåtña, Guam, October 27 2005.

CARLSMITH BALL LLP

_____
J. PATRICK MASON
Attorneys for Defendant
A.W. Chesterton Company

# DECLARATION OF SERVICE

I, J.PATRICK MASON, hereby declare and state:

1. I am a United States citizen over the age of 18 years;

2. I am an Attorney of the law firm of Carlsmith Ball LLP.

3. On October 27, 2005, I caused to be served a filed copy of MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT A.W. CHESTERTON COMPANY'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT by hand delivery to the following:

John S. Unpingco, Esq.
Benjamin B. Cassiday, III
Lujan, Unpingco, Aguigui & Perez, LLP
Suite 300, PDN Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

Thomas C. Sterling, Esq.
Klemm Blair Sterling & Johnson, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
Dooley Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin, LLP
115 Hessler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

4. On October 27, 2005, I will also cause a copy of said documents to be served on the following by depositing same with the United States mail in sealed envelopes, postage prepaid, addressed as follows:

Laurie K. Anger, Esq.
John J. Petry, Esq.
Bruce A. Wagman, Esq.
Morgenstein and Jubelirer LLP
One Market Plaza
Spear Street Tower, 32nd Floor
San Francisco, California 94105

A.P. Green Industries, Inc.
c/o CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Armstrong World Industries, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Babcock & Wilcox Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dow Chemical Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Flexitallic, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

Honeywell International, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Kaiser Gypsum Company, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

A.P. Green Services, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Amchem Products, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Asbestos Claims Management Corporation
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Combustion Engineering, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dresser Industries, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Flintkote Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

GAF Corporation
c/o Prentice-Hall Corporation Systems, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Harbison-Walker Refractories Co.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

John Crane, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Owens Corning
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Pittsburgh Corning Corporation
800 Presque Isle Drive
Pittsburgh, PA 15239

Quigley Company, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

United States Gypsum Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Foster Wheeler Corporation
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

DATED: Hagåtña, Guam, October 27, 2005.

*[signature]*
J. PATRICK MASON