Stephen D. Tom, Esq.
Aimee H. Oyasato, Esq.
WHITE & TOM
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547-5151
Facsimile No.: (808) 599-4517

Louie J. Yanza
MAHER • YANZA • FLYNN • TIMBLIN, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
JOHN CRANE, INC.

**FILED**
DISTRICT COURT OF GUAM
NOV - 4 2005
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT

# DISTRICT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS,<br><br>    Plaintiff,<br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FLEXITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON-WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE | CIVIL CASE NO. 05-00025<br><br>DEFENDANT JOHN CRANE, INC.'S ANSWER TO FIRST AMENDED COMPLAINT FILED AUGUST 16, 2005; CERTIFICATE OF SERVICE |

COMPANY, OWENS CORNING, OWENS-)
ILLINOIS, INC., PITTSBURGH CORNING)
CORPORATION, QUIGLEY COMPANY,)
INC., UNITED STATES GYPSUM)
COMPANY, VIACOM, INC.,            )
                                  )
           Defendants.            )
_____)

Comes now Defendant JOHN CRANE, INC., by and through its attorneys, MAHER, YANZA, FLYNN, TIMBLIN, LLP, Attorneys at Law, and for answer to the First Amended Complaint (hereinafter "Complaint") filed herein by Plaintiffs above-named alleges and avers as follows:

FIRST DEFENSE:

The Complaint fails to state a claim against JOHN CRANE, INC. upon which relief can be granted.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

SECOND DEFENSE:

1.   JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 1, 2, 4, 5, 9, 10, 11, 12, and 13, and therefore denies the allegations contained therein.

2.   JOHN CRANE, INC. admits that it is a corporation existing under the laws of Delaware. Except as so admitted, JOHN CRANE, INC. is without information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 3, therefore, denies the allegations insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as they pertain to other defendants.

3. JOHN CRANE, INC. denies the allegations contained in Paragraphs 6, 7, 8, and 14, insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as they pertain to other defendants.

4. JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraphs 15, 16, 17 and 18 of the Complaint, but denies the allegations insofar as they infer wrongdoing on the part of JOHN CRANE, INC.

## SECOND CAUSE OF ACTION
## STRICT LIABILITY

5. As to the reallegations of Paragraph 19, JOHN CRANE, INC. incorporates and restates its pleadings to the allegations of contained in the First Cause of Action, Paragraphs 1 through 18 of the Complaint as if fully set forth herein.

6. JOHN CRANE, INC. denies the allegations contained in Paragraphs 20 and 25 of the Complaint insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as the allegations pertain to other defendants.

7. JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 21, 22, 23, and 24 of the Complaint, and therefore denies the allegations therein.

//

//

## THIRD CAUSE OF ACTION

## WARRANTY OF MERCHANTABILITY

8. As to the reallegations of Paragraph 26, JOHN CRANE, INC. incorporates and restates its pleading to the allegations of contained in the First and Second Causes of Action, Paragraphs 1 through 25 of the Complaint as if fully set forth herein.

9. JOHN CRANE, INC. denies the allegations contained in Paragraphs 27 and 28 insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as the allegations pertain to other defendants.

10. JOHN CRANE, INC. denies the allegations contained in Paragraph 29 insofar as they pertain to JOHN CRANE, INC., and is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations.

## FOURTH CAUSE OF ACTION

## MARKET SHARE LIABILITY

11. As to the reallegations of Paragraph 30, JOHN CRANE, INC. incorporates and restates its pleading to the allegations contained in the First, Second and Third Causes of Action, Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

12. JOHN CRANE, INC., is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 31, 32, 33, 34, and 35 of the Complaint, and therefore denies the allegations contained therein.

13. JOHN CRANE, INC. denies the allegations contained in Paragraph 36 insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as they pertain to other defendants.

## FIFTH CAUSE OF ACTION
## ENTERPRISE LIABILITY

14. As to the reallegations of Paragraph 37, JOHN CRANE, INC. incorporates and restates its pleading to the allegations of contained in the First through Fourth Causes of Action, Paragraphs 1 through 36 of the First Amended Complaint as if fully set forth herein.

15. JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 38 and 39 of the Complaint, and therefore denies the allegations contained therein.

16. JOHN CRANE, INC. denies the allegations contained in Paragraphs 40 and 41 insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as they pertain to other defendants.

## SIXTH CAUSE OF ACTION
## UNFIT FOR INTENDED USE

17. As to the reallegations of Paragraph 42, JOHN CRANE, INC. incorporates and restates its pleading to the allegations contained in the First through Fifth Cause of Action, Paragraphs 1 through 41 of the Complaint as if fully set forth herein.

18. JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint, and therefore denies the allegations contained therein.

## SEVENTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

19. As to the reallegations of Paragraph 44, JOHN CRANE, INC. incorporates and restates its pleading to the allegations contained in the First through Sixth Cause of Action, Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

20. JOHN CRANE, INC. denies the allegations contained in Paragraphs 45, 46, 47, and 48 insofar as they pertain to JOHN CRANE, INC., and makes no answer insofar as the allegations pertain to other defendants.

## EIGHTH CAUSE OF ACTION
## PUNITIVE DAMAGES

21. As to the reallegations of Paragraph 49, JOHN CRANE, INC. incorporates and restates its pleading to the allegations contained in the First to the Seventh Causes of Action, Paragraphs 1 to 48 of the Complaint as if fully set forth herein.

22. JOHN CRANE, INC. is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraphs 50, 51 and 52 of the Complaint, and therefore denies the allegations contained therein.

23. All paragraphs and allegations not expressly referred to herein are denied.

THIRD DEFENSE:

24. Plaintiffs' claims against JOHN CRANE, INC. are barred because this Court lacks personal jurisdiction over Defendant JOHN CRANE, INC. or the subject matter of this lawsuit.

FOURTH DEFENSE:

25. Plaintiffs' claims against JOHN CRANE, INC. are barred because none of the asbestos-containing products manufactured and/or supplied by JOHN CRANE, INC., if any, to which Plaintiffs were allegedly exposed posed any health hazard.

FIFTH DEFENSE:

26. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs sustained any of the injuries or damages alleged in the Complaint, such injuries or damages were not proximately caused by any acts or conduct by JOHN CRANE, INC.

SIXTH DEFENSE:

27. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs suffered any damages as alleged in the Complaint, such damages were caused by the conduct solely of other persons or entities.

//

//

SEVENTH DEFENSE:

28. Plaintiffs' claims against JOHN CRANE, INC. are barred because Plaintiffs' were negligent and their negligence was a contributing cause of the injuries and damages which Plaintiffs now complain, and any finding of negligence, fault, or liability on the part of JOHN CRANE, INC. should therefore be defeated by, or reduced by said contributing or comparative negligence.

EIGHTH DEFENSE:

29. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs suffered any of the injuries or damages as alleged in the Complaint, Plaintiffs were aware of and voluntarily assumed the risk of such injuries and damages and such voluntary assumption of risk was the proximate cause of such injuries and damages.

NINTH DEFENSE:

30. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs were exposed to asbestos containing products allegedly manufactured or sold by JOHN CRANE, INC., said exposure constituted such a small percentage of Plaintiffs' total alleged asbestos exposure that the Court should dismiss the claim against JOHN CRANE, INC. since its liability, if any, is legally insignificant.

TENTH DEFENSE:

31. Plaintiffs' claims against JOHN CRANE, INC. are barred by the failure to properly use, or the misuse of, or the failure to maintain the product.

ELEVENTH DEFENSE:

32.  Plaintiffs' claims against JOHN CRANE, INC. are barred from recovery herein, because of modification, alteration or change in some manner of the products alleged in the Amended Complaint.

TWELFTH DEFENSE:

33.  Plaintiffs' claims against JOHN CRANE, INC. are barred by the lack of privity.

THIRTEENTH DEFENSE:

34.  Plaintiffs' claims against JOHN CRANE, INC. are barred because Plaintiffs' have failed to join necessary and/or indispensable parties.

FOURTEENTH DEFENSE:

35.  Plaintiffs' claims against JOHN CRANE, INC. are barred by the applicable statute of limitations, statute of repose, or doctrine of laches.

FIFTEENTH DEFENSE:

36.  Plaintiffs' claims against JOHN CRANE, INC. are barred by the doctrines of release, estoppel and waiver.

SIXTEENTH DEFENSE:

37.  Plaintiffs' claims against JOHN CRANE, INC. are barred or must be reduced against JOHN CRANE, INC. because Plaintiffs have failed to mitigate their damages, if any.

SEVENTEENTH DEFENSE:

38. Plaintiffs' claims against JOHN CRANE, INC. are barred because of spoliation of evidence.

EIGHTEENTH DEFENSE:

39. Plaintiffs' claims against JOHN CRANE, INC. are barred, apportioned or reduced because of Plaintiffs' preexisting conditions.

NINETEENTH DEFENSE:

40. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs were injured or damaged as alleged in the Complaint, said injuries or damage an act of God and/or natural and unavoidable causes beyond the control of JOHN CRANE, INC.

TWENTIETH DEFENSE:

41. Plaintiffs' claims against JOHN CRANE, INC. are barred or reduced due to avoidable consequences.

TWENTY-FIRST DEFENSE:

42. Plaintiffs' claims against JOHN CRANE, INC. are barred because if Plaintiffs were injured or damaged as alleged in the Complaint, such injuries and damages were caused by an intervening or superseding cause beyond the control of JOHN CRANE, INC.

//

**TWENTY-SECOND DEFENSE:**

43. Plaintiffs' claims against JOHN CRANE, INC. are barred because Plaintiffs' alleged injuries and damages were not reasonably foreseeable.

**TWENTY-THIRD DEFENSE:**

44. Plaintiffs' claims against JOHN CRANE, INC. are barred because JOHN CRANE, INC. complied with all existing safety standards and precautions then consistent with the state of the art.

**TWENTY-FOURTH DEFENSE:**

45. Plaintiffs' claims against JOHN CRANE, INC. are barred because all asbestos containing products manufactured and/or supplied by JOHN CRANE, INC., if any, were manufactured and supplied in compliance with all applicable government and industry standards.

**TWENTY-FIFTH DEFENSE:**

46. Plaintiffs' claims against JOHN CRANE, INC. is barred under the "government contract defense."

**TWENTY-SIXTH DEFENSE:**

47. Plaintiffs' claims against JOHN CRANE, INC. are barred by the Uniform Commercial Code.

**TWENTY-SEVENTH DEFENSE:**

48. Plaintiffs' claims against JOHN CRANE, INC. are barred because JOHN CRANE, INC. did not make any warranties, express or implied to Plaintiffs. To the extent that the alleged representations or warranties were made, they were made by persons or entities other than JOHN CRANE, INC.

TWENTY-EIGHTH DEFENSE:

49. Plaintiffs' claims against JOHN CRANE, INC. are barred because Plaintiffs did not rely on any representations or warranties made by JOHN CRANE, INC. To the extent Plaintiffs relied on any alleged representations or warranties, such reliance was unjustified.

TWENTY-NINTH DEFENSE:

50. Plaintiffs' claims against JOHN CRANE, INC. are barred by the failure to provide timely notice of any alleged breach of warranties.

THIRTIETH DEFENSE:

51. Plaintiffs' claims against JOHN CRANE, INC. are barred because any oral warranties upon which Plaintiffs rely are inadmissible and unavailable because of the provision of the applicable Statute of Frauds.

THIRTY-FIRST DEFENSE:

52. Plaintiffs' claims against JOHN CRANE, INC. for punitive damages are barred because such damages are not recoverable or warranted in this action.

THIRTY-SECOND DEFENSE:

53. Plaintiffs' claims against JOHN CRANE, INC. for punitive damages are barred by the United States Constitution and Organic Act of Guam.

THIRTY-THIRD DEFENSE:

54. Plaintiffs' claims against JOHN CRANE, INC. are barred because JOHN CRANE, INC. did not ratify any conduct and/or acts of any other defendant as set forth in this Complaint.

THIRTY-FOURTH DEFENSE:

55. Plaintiffs' claims against JOHN CRANE, INC. are barred by the applicable Worker's Compensation laws of this Territory.

THIRTY-FIFTH DEFENSE:

56. Plaintiffs' claims against JOHN CRANE, INC. are barred in whole or in part by the doctrines of res judicata and collateral estoppel.

THIRTY-SIXTH DEFENSE:

57. Plaintiffs' claims against JOHN CRANE, INC. are barred because there has been insufficient service of process herein.

THIRTY-SEVENTH DEFENSE:

58. Plaintiffs' claims against JOHN CRANE, INC. are barred by reason of improper venue and/or under the doctrine of forum non-conveniens.

//

//

### THIRTY-EIGHTH DEFENSE:

59. Plaintiffs' claims against JOHN CRANE, INC. are barred by reason of accord and satisfaction of the claims upon which this action is based.

### THIRTY-NINTH DEFENSE:

60. Plaintiffs' claims against JOHN CRANE, INC. are barred because Plaintiffs' employers were contributorily negligent regarding the matters contained in Plaintiffs' Complaint, and said negligence was a proximate cause of any injuries and damages, if any, suffered by Plaintiffs.

### FORTIETH DEFENSE:

61. Plaintiffs' claims against JOHN CRANE, INC. are barred because any injuries or damages sustained by Plaintiffs were caused by negligence, fault or want of case on the part of Plaintiffs' sophisticated employers, who were knowledgeable with respect to products containing asbestos and hazards associated therewith, thus discharging any legal duty or obligation of JOHN CRANE, INC. to Plaintiffs.

### FORTY-FIRST DEFENSE:

62. Plaintiffs' claims against JOHN CRANE, INC. are barred because any injuries or damages sustained by Plaintiffs were caused by negligence, fault or want of care on the part of other entities, such as Plaintiffs' employers and trade unions, who by their own independent knowledge and sophistication, had superior motives, duties, and opportunities to implement warnings and instruction for Plaintiffs' health and safety in connection with Plaintiffs' alleged exposure to asbestos containing products, and it is the breach of those duties, and not the breach of any duty owing

by JOHN CRANE, INC., that was the proximate or legal cause of Plaintiffs' damages, if any.

## FORTY-SECOND DEFENSE:

63. JOHN CRANE, INC. alleges that Plaintiffs' Complaint is controlled or limited by the state of the law as it existed when JOHN CRANE, INC. discontinued the manufacture and/or supply of the alleged asbestos-containing products to which Plaintiffs were exposed, if such manufacture and/or supply occurred at all.

## FORTY-THIRD DEFENSE:

64. JOHN CRANE, INC. incorporates herein by reference all affirmative defenses and other matters constituting an avoidance or affirmative defense raised by each and every defendant, and reserves the right to assert such other defenses of which it may become aware of during the course of further investigation, discovery or trial in this matter.

WHEREFORE, JOHN CRANE, INC. prays:

1. That Plaintiffs' Complaint herein be dismissed as against Defendant JOHN CRANE, INC. and that JOHN CRANE, INC. be awarded its costs herein, including reasonable attorney's fees.

//

//

2. That JOHN CRANE, INC. have such other and further relief as to this Court seems just and equitable in the premises.

Dated this 4th day of November, 2005.

MAHER • YANZA • FLYNN • TIMBLIN, LLP
Attorneys for Defendant
JOHN CRANE, INC.



By: _____
LOUIE J. YANZA

## CERTIFICATE OF SERVICE

I, Louie J. Yanza, hereby certify that on or before November 4, 2005, I caused to be sent by personal service or by facsimile a copy of the annexed **Defendant John Crane, Inc.'s Answer to First Amended Complaint filed August 16, 2005; Certificate of Service**, to the following parties at their place of business:

**John S. Unpingco, Esq.**
LUJAN, UNPINGCO, AGUIGUI & PEREZ, LLP
Suite 300, Pacific News Building
238 Archbishop Flores Street
Hagatña, Guam 96910
Counsel for Cess Navarro Olmo and Ronnie Pascual Ferreras, Plaintiffs

**Jon A. Visosky, Esq.**
DOOLEY ROBERTS & FOWLER, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps. Drive
Tamuning, Guam 96913
Counsel for Garlock, Inc., Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation, Foster Wheeler Corporation, Bayer Cropscience, Inc. as Successor-in-Interest to Amchen Products, Inc. and The Dow Chemical Company

**Anita P. Arriola, Esq.**
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street
Suite 201, C&A Professional Building
Hagatña, Guam 96910
Counsel for Owens-Illinois, Inc.

**Thomas C. Sterling, Esq.**
KLEMM, BLAIR, STERLING & JOHNSON
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagatña, Guam 96910
Counsel for Metropolitan Life Insurance Company

J. Patrick Mason, Esq.
CARLSMITH BALL, LLP
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Post Office Box BF
Hagatña, Guam 96932-5027
Counsel for Georgia-Pacific Corporation, A.W. Chesterton Company, and Kaiser Gypsum Company, Inc.

and, via regular mail, to all the parties listed on the attached matrix of Agents of Service of Process.

Dated this 4th day of November, 2005.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant
**JOHN CRANE, INC.**

By: _____
LOUIE J. YANZA

| | |
|---|---|
| A.P. Green Industries, Inc.<br>c/o CT Corporation System<br>120 S. Central Ave.<br>Clayton, MO 63105 | A.P. Green Services, Inc.<br>c/o Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 |
| Combustion Engineering, Inc.<br>c/o Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 | Dresser Industries, Inc.<br>c/o CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017 |
| Flexitallic, Inc.<br>c/o CT Corporation System<br>818 West Seventh St.<br>Los Angeles, CA 90017 | Harbison-Walker Refractories Co.<br>c/o Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 |
| Honeywell International, Inc.<br>c/o Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 | Quigley Company, Inc.<br>c/o CT Corporation System<br>111 Eighth Ave.<br>New York, NY 10011 |
| United States Gypsum Company<br>c/o Corporation Trust Co.<br>1209 Orange St.<br>Wilmington, DE 19801 | |