DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
visosky@guamlawoffice.com



FILED
DISTRICT COURT OF GUAM
NOV 8 2005
MARY L.M. MORAN
CLERK OF COURT

Attorneys for Defendants Garlock, Inc., Viacom, Inc.,
successor by merger to CBS Corporation, formerly known
as Westinghouse Electric Corporation, Foster Wheeler
Corporation, Bayer CropScience, Inc., as Successor-in-Interest
to Amchem Products, Inc., and The Dow Chemical Company

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Cess Navarro Olmo,<br>Ronnie Pascual Perreras,<br><br>          Plaintiffs,<br><br>v.<br><br>A.P. Green Industries, Inc., A.P. Green Services, Inc., A.W. Chesterton Company, Amchem Products, Inc., Armstrong World Industries, Inc., Asbestos Claims Management Corporation, Babcock & Wilcox Company, Combustion Engineering, Inc., Dow Chemical Company, Dresser Industries, Inc., Flexitallic, Inc., Flintkote Company, Foster Wheeler Corp., GAF Corporation, Garlock, Inc., Georgia-Pacific Corporation, Harbison-Walker Refractories Co., Honeywell International, Inc., John Crane, Inc., Kaiser Gypsum Company, Inc., Metropolitan Life Insurance Company, Owens Corning, Owens-Illinois, Inc., Pittsburg Corning Corporation, Quigley Company, Inc., United States Gypsum Company, Viacom, Inc.<br><br>          Defendants | CIVIL CASE NO. 05-00025<br><br><br><br>**ANSWER AND CROSS-CLAIMS of DEFENDANTS GARLOCK, INC., VIACOM, INC., and FOSTER WHEELER CORPORATION; CERTIFICATE OF SERVICE** |

**ORIGINAL**

Defendants Garlock, Inc. (Garlock), Viacom, Inc. (Viacom), and Foster Wheeler Corporation (Foster) (collectively Defendants) answer the First Amended Complaint of Plaintiffs Cess Navarro Olmo and Ronnie Pascual Perreras as follows:

1. Defendants Garlock, Viacom and Foster deny the allegations in paragraphs 6 and 7 of the First Amended Complaint.

2. Defendants Garlock, Viacom and Foster are without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 1-5, 8-13, 21-22, 32-33, and 46-48 of the First Amended Complaint, and on that basis deny the same.

3. As to the allegations in paragraphs 19, 26, 30, 37, 42, 44, and 49 of the First Amended Complaint, Defendants Garlock, Viacom and Foster incorporate their previous responses.

4. As to the allegations in paragraphs 14-18, 20, 23-25, 27-29, 31, 34-36, 38-41, 43, 45, 51 and 52 of the First Amended Complaint, Defendants Garlock, Viacom and Foster deny those allegations to the extent applicable to Defendants Garlock, Viacom and Foster, and are without information or knowledge sufficient to form a belief as to the truth of the allegations in those paragraphs regarding the remaining Defendants, and on that basis deny the same.

5. As to the allegations in paragraph 50 of the First Amended Complaint, Defendants Garlock, Viacom and Foster deny that they knew or should have anticipated Plaintiffs' location at work, and are without information or knowledge sufficient to form a belief as to the truth of the allegations in those paragraphs, and on that basis deny the same.

6. All paragraphs not expressly referred to in the First Amended Complaint are denied.

## AFFIRMATIVE DEFENSES

1.     The First Amended Complaint fails to state a claim against Defendants Garlock, Viacom and Foster upon which relief can be granted.

2.     None of the asbestos-containing products manufactured and/or supplied by Defendants Garlock, Viacom and Foster, if any, to which Plaintiffs were allegedly exposed posed any health hazard.

3.     If Plaintiffs sustained any of the injuries or damages alleged in the First Amended Complaint, such injuries or damages were not proximately caused by any act or conduct of Defendants Garlock, Viacom and Foster.

4.     If Plaintiffs suffered any damages as alleged in the First Amended Complaint, such damages were caused by the conduct solely of other persons or entities.

5.     Pursuant to the applicable comparative/contributory negligence laws of this District, the negligence of Plaintiffs was greater than the negligence, if any of Defendants Garlock, Viacom and Foster.

6.     If Plaintiffs suffered any of the injuries or damages as alleged in the First Amended Complaint, Plaintiffs assumed the risk of such injuries and damages and such voluntary assumption of risk was the proximate cause of such injuries and damages.

7.     Plaintiffs' injuries or damages complained of were the result of the voluntary exposure to a known danger.

8.     Plaintiffs' claims are barred by Plaintiffs' misuse of product.

3

9. Plaintiffs' claims are barred by the defense of lack of and/or failure of and/or insufficiency of consideration.

10. Plaintiffs' claims against Defendants Garlock, Viacom and Foster are barred by the lack of privity.

11. Plaintiffs have failed to join necessary and/or indispensable parties.

12. Plaintiffs' claims are barred by the doctrine of laches.

13. Plaintiffs' claims are barred by the doctrines of release, estoppel and waiver.

14. Plaintiffs have failed to mitigate their damages, if any.

15. Defendants Garlock, Viacom and Foster intend to rely on the defense of spoliation of evidence.

16. Plaintiffs' claims are barred, apportioned or reduced because of Plaintiffs' pre-existing conditions.

17. Defendants Garlock, Viacom and Foster intend to rely upon the defense of act of God and/or natural and unavoidable causes beyond the control of Defendants Garlock, Viacom and Foster.

18. Plaintiffs' claims are barred or reduced due to avoidable consequences.

19. Plaintiffs' claims are barred by the applicable statute of limitations.

20. If Plaintiffs were injured or damaged as alleged in the First Amended Complaint, such injuries and damages were caused by an intervening or superseding cause beyond the control of Defendants Garlock, Viacom and Foster.

21. Plaintiffs' injuries were not reasonably foreseeable.

22. Defendants Garlock, Viacom and Foster complied with all safety standards and precautions existing at the time of the events complained of.

23. All asbestos containing products manufactured and/or supplied by Defendants Garlock, Viacom and Foster, if any, were manufactured and supplied in compliance with all applicable government and industry standards.

24. Defendants Garlock, Viacom and Foster intend to rely upon the "government contract defense." As a government contractor, a supplier is immune from liability when: (1) the United States approved reasonably precise specifications; (2) the equipment supplied by conformed to those specifications; and (3) the U.S. Government knew as much or more than the supplier about the hazards or dangers in the use of the equipment.

25. Plaintiffs' claims against Defendants Garlock, Viacom and Foster are barred by the Uniform Commercial Code.

26. Defendants Garlock, Viacom and Foster did not make any warranties, express or implied to Plaintiffs. To the extent that the alleged representations or warranties were made, they were made by the persons or entities other than Defendants Garlock, Viacom and Foster.

27. Plaintiffs did not rely on any representations or warranties made by Defendants Garlock, Viacom and Foster to the extent Plaintiffs relied on any alleged representations or warranties, such reliance was unjustified.

28. Plaintiffs' claims against Defendants Garlock, Viacom and Foster are barred by the failure to provide timely notice of any alleged breach of warranties.

5

29. Any oral warranties upon which Plaintiffs rely are inadmissible and unavailable because of the statute of frauds.

30. Plaintiffs' claims for punitive damages are barred by the United States Constitution.

31. Defendants Garlock, Viacom and Foster did not ratify any conduct and/or acts of any other defendants as set forth in this First Amended Complaint.

32. Plaintiffs are barred from recovery because of modification, alteration or change in some manner of the products alleged in the First Amended Complaint.

33. Plaintiffs' claims are barred by the applicable Worker's Compensation laws of this District.

34. Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel.

35. This Court does not have jurisdiction over Defendants Garlock, Viacom and Foster or the subject matter in this lawsuit.

36. There has been insufficient service of process.

37. Plaintiffs' claims are barred by reason of improper venue and/or under the doctrine of forum non-conveniens.

38. Plaintiffs' are barred from maintaining this action against Defendants Garlock, Viacom and Foster by reason of accord and satisfaction of the claims upon which this action is based.

39. Plaintiffs' employers were contributorily negligent regarding the matters contained in Plaintiffs' First Amended Complaint, and said negligence was a proximate cause of any injuries and damages, if any, suffered by Plaintiffs.

6

40. Defendants Garlock, Viacom and Foster may assert other defenses and other matters constituting an avoidance or affirmative defense as set forth in Rule 8(c) of the Federal Rules of Civil Procedure, and will seek to amend their answer to allege each such defense of which they may become aware during the course of further investigation, discovery or trial in this matter.

41. Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were caused by the misuse by Plaintiffs, and/or their employers, of Defendants Garlock, Viacom and Foster's products.

42. Any injuries or damages sustained by Plaintiffs were caused by negligence, fault or want of care on the part of Plaintiffs' sophisticated employers, who were knowledgeable with respect to products containing asbestos and any associated hazards, thus discharging any legal duty or obligation of Defendants Garlock, Viacom and Foster to Plaintiffs.

43. Defendants Garlock, Viacom and Foster shall rely on the "sophisticated user" defense.

44. Defendants Garlock, Viacom and Foster allege that Plaintiffs' First Amended Complaint is controlled or limited by the state of the law as it existed when Defendants Garlock, Viacom and Foster discontinued the manufacture and/or supply of the alleged asbestos-containing products to which Plaintiffs were exposed, if such manufacture and/or supply occurred at all.

45. If Plaintiffs were exposed to asbestos containing products allegedly manufactured or sold by Defendants Garlock, Viacom and Foster, said exposure constituted such a small percentage of Plaintiffs' total alleged exposure that the Court should dismiss the claim against Defendants Garlock, Viacom and Foster since its liability, if any, is legally insignificant.

//

//

**WHEREFORE**, Defendants Garlock, Viacom and Foster pray for judgment as follows:

1. That Plaintiffs take nothing by way of their First Amended Complaint and that their First Amended Complaint be dismissed with prejudice;

2. That Defendants Garlock, Viacom and Foster be awarded their costs of suit; and

3. For such other relief as the Court deems proper.

## CROSS-CLAIMS

1. Plaintiffs filed a First Amended Complaint in the United States District Court, Territory of Guam, alleging that they suffered damages as a result of their exposure to asbestos-containing products during the course of employment.

2. As referred to in these Cross-Claims, "Cross-Defendants" includes all of the remaining Defendants, but not Defendants Bayer CropScience, Inc., as Successor-in-Interest to Amchem Products, Inc., and The Dow Chemical Company.

3. If Plaintiffs were damaged or injured as alleged, said damages or injuries are not the fault or responsibility of Defendants Garlock, Viacom or Foster, but are the direct and proximate result of the negligence, fault, breach of warranty, strict liability or other legal responsibility of the Cross-Defendants. Defendants Garlock, Viacom and Foster are therefore entitled to contribution, subrogation and/or indemnity from Cross-Defendants.

4. If Plaintiffs sustained any damages and injuries as alleged, such damages and injuries were proximately caused by Cross-Defendants, and not by Defendants Garlock, Viacom or Foster.

5. Any negligence or other fault on the part of Defendants Garlock, Viacom and Foster were merely passive and secondary, whereas the negligence and/or fault of Cross-Defendants was

8

Cess Navarro Olmo, et. al. v. A.P. Green Industries, Inc., et. al.
Civil Case No. 05-00025
Answer and Cross Claims

primary and active, and Defendants Garlock, Viacom and Foster are entitled to indemnification from Cross-Defendants.

6. If Defendants Garlock, Viacom and Foster are found liable to Plaintiffs, then Cross-Defendants are also liable to Plaintiffs and to Defendants Garlock, Viacom and Foster for contribution in their pro-rata shares of any judgment or settlement in favor of Plaintiffs.

7. If Defendants Garlock, Viacom and Foster are found liable to Plaintiffs, then the other Cross-Defendants are also liable as a result of their negligence, strict liability, breaches of warranty, concerted action or other fault arising out of their mining, manufacture, distribution or sale of asbestos or products containing or using asbestos.

**WHEREFORE**, Defendants Garlock, Viacom and Foster pray for judgment on their Cross-Claims as follows:

1. If Plaintiffs are entitled to any judgment, the judgment should be rendered against Cross-Defendants and not against Defendants Garlock, Viacom or Foster.

2. That Cross-Defendants be ordered to indemnify Defendants Garlock, Viacom and Foster for any liability imposed upon Defendants Garlock, Viacom and Foster.

3. That if Defendants Garlock, Viacom and Foster and any or all of the Cross-Defendants are found liable, the relative degree of fault of each be determined and that Defendants Garlock, Viacom and Foster have judgment against any or all of the other Cross-Defendants for any excess over and above Defendants Garlock, Viacom and Foster's pro rata share of any judgment.

//

//

9

4.    That Defendants Garlock, Viacom and Foster be awarded their costs, attorneys' fees and such other relief as this Court deems proper.

Dated November 7, 2005.    DOOLEY ROBERTS & FOWLER LLP

By: _____
**JON A. VISOSKY**
Attorneys for Defendants

10

Cess Navarro Olmo, et. al. v. A.P. Green Industries, Inc., et. al.
Civil Case No. 05-00025
Answer and Cross Claims

## CERTIFICATE OF SERVICE

I, Jon A. Visosky, caused the Answer of Defendants Garlock, Inc., Viacom, Inc., and Foster Wheeler Corporation to be served November 8, 2005, via hand delivery on the following:

John S. Unpingco, Esq.
LUJAN UNPINGCO AGUIGUI & PEREZ LLP
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Attorneys for Plaintiffs

Anita P. Arriola, Esq.
ARRIOLA, COWAN & ARRIOLA
259 Martyr Street
Suite 201, C&A Professional Building
Hagåtña, Guam 96910
Attorneys for Owens-Illinois, Inc.

Thomas C. Sterling, Esq.
KLEMM, BLAIR, STERLING & JOHNSON
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagåtña, Guam 96910
Attorneys for Metropolitan Life Insurance Company

J. Patrick Mason, Esq.
CARLSMITH BALL LLP
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue
P.O. Box BF
Hagåtña, Guam 96932-5027
Attorneys for Georgia-Pacific Corporation, A.W. Chesterton Company, and Kaiser Gypsum Company, Inc.

///

///

///

///

11

Case 1:05-cv-00025    Document 82    Filed 11/08/2005    Page 11 of 13

Cess Navarro Olmo, et. al. v. A.P. Green Industries, Inc., et. al.
Civil Case No. 05-00025
Answer and Cross Claims

>Louie J. Yanza, Esq.
>MAHER · YANZA · FLYNN · TIMBLIN, LLP
>115 Hesler Place, Ground Floor
>Governor Joseph Flores Building
>Hagåtña, Guam 96910
>Attorneys for John Crane, Inc.

and via regular mail to all the parties listed on the attached matrix of Agents for Service of Process.

Dated November 8, 2005.   DOOLEY ROBERTS & FOWLER LLP

By: _____
JON A. VISOSKY

12

Case 1:05-cv-00025   Document 82   Filed 11/08/2005   Page 12 of 13

1) **A.P. Green Industries, Inc.**
c/o CT Corporation System
120 S. Central Ave.
Clayton, MO 63105-1705

2) **A.P. Green Services, Inc.**
30600 Telegraph Road
Bingham Farms, MI 48025

3) **Combustion Engineering, Inc.**
c/o Corporation Trust Co.
1209 N. Orange St.
Wilmington, DE 19801-1120

4) **Dresser Industries, Inc.**
4100 Clinton Dr.
Houston, TX 77020

5) **Flexitallic, Inc.**
6914 LaPorte Rd.
Deer Park, TX 77436

6) **Harbison-Walker Refractories Co.**
c/o Corporation Trust Co.
1209 N. Orange St.
Wilmington, DE 19801-1120

7) Honeywell International, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

and

Honeywell International, Inc.
101 Columbia Rd.
Morristown, NJ 07960

8) **Quigley Company, Inc.**
c/o CT Corporation System
111 Eighth Ave.
New York, NY 10011-5201

9) **United States Gypsum Company**
c/o Corporation Trust Co.
1209 N. Orange St.
Wilmington, DE 19801-1120