CARLSMITH BALL LLP

J.PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Kaiser Gypsum Company, Inc.



**FILED**
DISTRICT COURT OF GUAM

NOV 1 4 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

CESS NAVARRO OLMO and RONNIE
PASCUAL FERRERAS,

        Plaintiffs,

  vs.

A.P. GREEN INDUSTRIES, INC., A.P.
GREEN SERVICES, INC., A.W.
CHESTERTON COMPANY, AMCHEM
PRODUCTS, INC., ARMSTRONG WORLD
INDUSTRIES, INC., ASBESTOS CLAIMS
MANAGEMENT CORPORATION,
BABCOCK & WILCOX COMPANY,
COMBUSTION ENGINEERING, INC., DOW
CHEMICAL COMPANY, DRESSER
INDUSTRIES, INC., FELITALLIC, INC.,
FLINTKOTE COMPANY, FOSTER
WHEELER CORP., GAF CORPORATION,
GARLOCK, INC., GEORGIA-PACIFIC
CORPORATION, HARBISON-WALKER
REFRACTORIES CO., HONEYWELL
INTERNATIONAL, INC., JOHN CRANE,
INC., KAISER GYPSUM COMPANY, INC.,
METROPOLITAN LIFE INSURANCE
COMPANY, OWENS CORNING, OWENS-
ILLINOIS, INC., PITTSBURG CORNING
CORPORATION, QUIGLEY COMPANY,
INC., UNITED STATES GYPSUM

CIVIL CASE NO. CV05-00025

**DEFENDANT KAISER GYPSUM
COMPANY, INC.'S ANSWER TO
FIRST AMENDED COMPLAINT;
DECLARATION OF SERVICE**

COMPANY, and VIACOM, INC.,

Defendants.

Defendant Kaiser Gypsum Company, Inc. (hereafter "Kaiser Gypsum") answers Plaintiffs' First Amended Complaint (hereafter "Complaint") as follows:

## ANSWERS TO AVERMENTS

1.     As to paragraph 1 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

2.     As to paragraph 2 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

3.     As to paragraph 3 of the Complaint: Kaiser Gypsum admits that it is incorporated and authorized to do business in Washington and its principal place of business and headquarters is in San Ramon, California; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

4.     As to paragraph 4 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

5.     As to paragraph 5 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies

the averments.

6. As to paragraph 6 of the Complaint: Kaiser Gypsum admits that during limited time periods and for limited geographic distribution areas, it manufactured, sold and/or distributed building products and that the vast majority of those products did not contain asbestos and admits that a small number of the product lines manufactured, sold and/or distributed by Kaiser Gypsum during certain time periods in limited geographic distribution areas did contain a small percentage of chrysotile as an ingredient; Kaiser Gypsum denies that Plaintiffs were ever exposed to, or worked with or around, such products during times when those products contained chrysotile and denies that Kaiser Gypsum was in the business of mining, milling, supplying, distributing or selling asbestos; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

7. As to paragraph 7 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

8. As to paragraph 8 of the Complaint: Kaiser Gypsum admits that during limited time periods and for limited geographic distribution areas, it manufactured, sold and/or distributed building products and admits that the vast majority of those products did not contain asbestos and admits that a small number of the product lines manufactured, sold and/or distributed by Kaiser Gypsum during certain time periods in limited geographic distribution areas did contain a small percentage of chrysotile as an ingredient; Kaiser Gypsum denies that Plaintiffs were ever exposed to, or worked with or around, such products during times when

those products contained chrysotile and denies that Kaiser Gypsum was in the business of mining, milling, manufacturing, supplying, distributing or selling asbestos and denies that Kaiser Gypsum is liable for the conduct or products of any other defendants or any other entities mentioned in the Complaint; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of other averments which relate to Kaiser Gypsum, and on that basis denies the averments; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

9.     As to paragraph 9 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

10.     As to paragraph 10 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

11.     As to paragraph 11 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

12.     As to paragraph 12 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

13.     As to paragraph 13 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

14.     As to paragraph 14 of the Complaint: Kaiser Gypsum denies that it owed or breached any duty to Plaintiffs; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

15.     As to paragraph 15 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

16.     As to paragraph 16 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

17.     As to paragraph 17 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

18.     As to paragraph 18 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

19.     As to paragraph 19 of the Complaint: Kaiser Gypsum incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

20.     As to paragraph 20 of the Complaint: Kaiser Gypsum admits that during limited time periods and for limited geographic distribution areas, it manufactured, sold and/or

distributed building products and admits that the vast majority of those products did not contain asbestos and admits that a small number of the product lines manufactured, sold and/or distributed by Kaiser Gypsum during certain time periods in limited geographic distribution areas did contain a small percentage of chrysotile as an ingredient; Kaiser Gypsum denies that Plaintiffs were ever exposed to, or worked with or around, such products during times when those products contained chrysotile and denies that Kaiser Gypsum was in the business of mining, milling, manufacturing, designing, assembling, maintaining for sale, testing, inspecting, marketing, supplying, distributing, recommending, leasing, renting or selling asbestos or asbestos products; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

21. As to paragraph 21 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

22. As to paragraph 22 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

23. As to paragraph 23 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

24. As to paragraph 24 of the Complaint: Kaiser Gypsum denies the averments as

they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

25. As to paragraph 25 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

26. As to paragraph 26 of the Complaint: Kaiser Gypsum incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

27. As to paragraph 27 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

28. As to paragraph 28 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

29. As to paragraph 29 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

30. As to paragraph 30 of the Complaint: Kaiser Gypsum incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

31.    As to paragraph 31 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

32.    As to paragraph 32 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

33.    As to paragraph 33 of the Complaint: Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

34.    As to paragraph 34 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

35.    As to paragraph 35 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

36.    As to paragraph 36 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

37.    As to paragraph 37 of the Complaint: Kaiser Gypsum incorporates herein its

above responses to paragraphs 1 through 14 of the Complaint.

38. As to paragraph 38 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

39. As to paragraph 39 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

40. As to paragraph 40 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

41. As to paragraph 41 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

42. As to paragraph 42 of the Complaint: Kaiser Gypsum incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

43. As to paragraph 43 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

44. As to paragraph 44 of the Complaint: Kaiser Gypsum incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

45. As to paragraph 45 of the Complaint: Kaiser Gypsum denies the averments as they may in any way relate to Kaiser Gypsum and denies that it is liable for the conduct of any person or entity mentioned; except as denied, Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

46. As to paragraph 46 of the Complaint: Kaiser Gypsum denies the averments as they may in any way relate to Kaiser Gypsum and denies that it is liable for the conduct of any person or entity mentioned; except as denied, Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

47. As to paragraph 47 of the Complaint: Kaiser Gypsum denies the averments as they may in any way relate to Kaiser Gypsum and denies that it is liable for the conduct of any person or entity mentioned; except as denied, Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

48. As to paragraph 48 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum and denies that it is liable for the conduct of any person or entity mentioned; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

49. As to paragraph 49 of the Complaint: Kaiser Gypsum incorporates herein its

above responses to paragraphs 1 through 14 of the Complaint.

50.    As to paragraph 50 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

51.    As to paragraph 51 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

52.    As to paragraph 52 of the Complaint: Kaiser Gypsum denies the averments as they relate to Kaiser Gypsum; Kaiser Gypsum is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other defendants and on that basis denies the averments.

53.    All averments in the Complaint that are not specifically admitted above are denied.

## DEFENSES

Kaiser Gypsum has not had an opportunity to conduct a reasonable inquiry into the facts underlying this lawsuit, but based upon its past experience, knowledge, information and belief, wishes to interpose the following defenses many of which may ultimately be supported by the facts to be revealed in discovery and investigation of this case.  Upon request and after having completed discovery in this case, Kaiser Gypsum will voluntarily withdraw those of the following defenses that are unsupported by the facts revealed in pre-trial discovery and investigation.

1. Lack of Jurisdiction/Insufficiency of Process/Insufficiency of Service. That this Court lacks jurisdiction over Kaiser Gypsum; that there has been an insufficiency of process and an insufficiency of service of process as to Kaiser Gypsum.

2. Forum Non Conveniens/Improper Venue. That this action should be dismissed or transferred to another court pursuant to the doctrine of forum non conveniens, or because of improper venue in this court.

3. Fellow Servant. Whatever damages Plaintiffs may have suffered, if any, were directly and proximately caused by the actions of fellow servants of Plaintiffs.

4. Failure to State a Claim/Vague. The Plaintiffs' complaint fails to state a claim against Kaiser Gypsum upon which relief may be granted. Plaintiffs Complaint for Damages contained allegations that are vague, ambiguous and uncertain.

5. Real Parties in Interest. Plaintiffs are not the real parties in interest to pursue all or a portion of the claims made in the Complaint for Damages and therefore are barred from suing Kaiser Gypsum.

6. Successor in Interest. Kaiser Gypsum denies any and all liability to the extent that Plaintiffs assert Kaiser Gypsum's alleged liability as a successor, successor in business, successor in product line or a portion thereof, assignor, predecessor, predecessor in business, predecessor in product line or a portion thereof, parent, alter ego, subsidiary, wholly or partially owned by, or the whole or partial owner of or member in an entity researching, studying, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting re-branding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos.

7. <u>Indispensable Party.</u> Plaintiffs have failed to join indispensable or necessary parties, including Amatex Corp., Aanco Holdings, Inc., Asbestec Industries Inc., Asbestospray Corp., Baldwin Ehret Hill, Keene Corp., Beadex Manufacturing Company, Inc., Burns & Roe Enterprises, Carey Canada Inc., The Celotex Corp., Philip Carey Co., Eagle-Picher Industries, E.J. Bartells, Forty-Eight Insulation, G-I Holdings, H.K. Porter, Johns Manville, National Gypsum Co., Nicolet/Keasby-Mattison, Raybestos-Manhattan, Raymark Industries, Raytech Industries Corp., Rockwool, Rutland Fire Clay Co., Standard Insulations, Unarco Industries Inc., UNR Industries Corp., Walter Industries and W.R. Grace.

8. <u>Privity of Contract.</u> There was no privity of contract between Plaintiffs, Olmo and Ferreras and Kaiser Gypsum.

9. <u>Unavoidable Accident.</u> Whatever damages Plaintiffs may have suffered, if any, were the sole and proximate result of an unavoidable accident.

10. <u>Comparative Fault.</u> Whatever damages Plaintiffs may have suffered, if any, were solely and proximately caused by, or contributed to by, the negligence of the Plaintiffs, Olmo and Ferreras, which either bars or reduces Plaintiffs' claims herein in an amount to be determined by the trier of fact.

11. <u>Assumption of the Risk.</u> Whatever damages Plaintiffs may have suffered, if any, were solely and proximately caused by Plaintiffs Olmo and Ferreras when each of them assumed and voluntarily exposed themselves to specific and appreciated risks pursuant to the doctrines of *volenti non fit injuria* and assumption of the risk, for which Plaintiffs are barred from recovery of damages, or, in the alternative, for which their recovery is reduced.

12. <u>Tobacco Use/Proximate Cause.</u> Kaiser Gypsum alleges that Plaintiffs Olmo and Ferreras' tobacco use is an assumption of a known risk, and that said conduct of Plaintiff

proximately caused and contributed to Plaintiffs' injuries and damages, if any, and therefore the recovery of Plaintiffs, if any, are barred or proportionately reduced.

13.     <u>Tobacco Use/Negligence Per Se.</u>   Kaiser Gypsum alleges that consumption of tobacco products is negligent *per se* because it is inherently unsafe and consumed with the ordinary community knowledge of its danger.  Thus, the said negligence of Plaintiff Olmo and Ferreras, in consuming tobacco products proximately caused and contributed to Plaintiffs' injuries and damages, if any, and therefore, Plaintiffs' recovery, if any, is barred or proportionately reduced.

14.     <u>Mitigation of Damages.</u>   Plaintiffs' claims are barred, in whole or in part, as a result of Plaintiffs' failure to exercise reasonable care in mitigation of damages, if any.  As a result of Plaintiffs' failure to exercise due diligence to mitigate their loss, injury or damages, the amount of damages to which Plaintiffs are entitled, if any, should be reduced by the amount of damages which would have otherwise been mitigated.

15.     <u>Fault of Others.</u>   Whatever damages Plaintiffs may have suffered, if any, were solely and proximately caused by the negligence or other conduct of one or more of the other Defendants above-named, or, in the alternative, by the negligence or other conduct of some person, corporation, association, governmental unit, or legal entity not presently a party to this lawsuit.

16.     <u>Negligence of an Employer.</u>   Whatever damages Plaintiffs may have suffered, if any, were due solely or in part to the failure of Plaintiffs Olmo and Ferreras' employers to take adequate precautions and provide Plaintiffs Olmo and Ferreras with a safe place to work.

17.     <u>Learned Intermediary/Sophisticated User.</u>   Plaintiffs Olmo and Ferreras were employed by knowledgeable and sophisticated employers.  Any duty Kaiser Gypsum may have

had to warn them of any potential harm incident to the normal use of products for which Kaiser Gypsum bears responsibility, which duty is denied, was discharged by Plaintiffs' employers' intervening duty to give him any required warnings.

18. <u>Change in Conditions/Materially Altered Product.</u> Kaiser Gypsum expressly denies that Plaintiffs Olmo and Ferreras inhaled injurious quantities of asbestos fibers from products for which Kaiser Gypsum is liable. Any products for which Kaiser Gypsum might be held legally accountable and which Plaintiffs allegedly used or was exposed to, if any, were not in the same condition as when sold, having been materially altered after the sale and prior to the use or exposure as alleged.

19. <u>Abnormal Use of the Product.</u> Whatever damages Plaintiffs may have suffered, if any, were solely and proximately caused by the abnormal use and/or unintended use and/or misuse of a product, for which Kaiser Gypsum is not accountable.

20. <u>Prevailing State-of-the-Medical-Art and Industry Standards.</u> If it is proven at the time of trial that products for which Kaiser Gypsum is responsible were manufactured, furnished, distributed, supplied and/or sold as alleged in Plaintiffs' complaint, and if said products were used in the fashion alleged, all of which is specifically denied except as otherwise set forth above, then any such product was so manufactured, furnished, distributed, supplied and/or sold in conformity with the prevailing state-of-medical-art and the prevailing standards of the industry. Kaiser Gypsum's conduct, and any product for which it bears responsibility, was at all times in conformity with the prevailing standard of medical science and the prevailing standards of the industry. The state of the medical, scientific and industrial knowledge, art and practice was at all material times such that Kaiser Gypsum neither breached any duty owed to the Plaintiffs Olmo and Ferreras, nor knew or could have known, that the products for which it bears

responsibility presented a foreseeable risk of harm to the Plaintiffs in connection with asbestos exposure from the normal and expected use of such products.

21.  Statute of Limitations.  The Plaintiffs have failed to commence this action within the time required by the applicable statutes of limitation.

22.  Statute of Repose.  The Plaintiffs have failed to commence this action within the time required by the applicable statute of repose.

23.  Laches, Waiver and/or Estoppel.  The Plaintiffs' claims against Kaiser Gypsum are barred by laches and/or waiver and/or estoppel.

24.  Useful Safe Life.  It if is proven at the time of trial that products for which Kaiser Gypsum is responsible were manufactured, furnished, distributed, supplied and/or sold as alleged in Plaintiffs' complaint, and if said products were used in the fashion alleged, all of which is specifically denied except as otherwise set forth above, then any harm to Plaintiffs which may have been caused by Plaintiffs Olmo and Ferreras' exposure to such products was caused after the expiration of the useful safe lives of such products, for which Kaiser Gypsum is not subject to liability.

25.  Workers Compensation.  This action may be barred by the application state territorial and/or federal industrial insurance and/or workman's compensation laws that may provide an exclusive remedy for the damages which the Plaintiffs allegedly sustained, if any. As a result, this court lacks jurisdiction of the subject matter of this action.

26.  Collateral Source.  Plaintiffs may be barred from recovery of damages pursuant to the collateral source doctrine.

27.  Contribution.  If it is proven at the time of trial that Kaiser Gypsum is liable for damages, if any, to the Plaintiff, said liability is not sole and, consequently, Kaiser Gypsum is

entitled to contribution from such other Defendants or non-Defendants based on comparative fault.

28.     Common Law Indemnity. The liability of Kaiser Gypsum, if any, was secondary, passive and subordinate to the primary, active and causative negligent acts and/or omissions of other Defendants, for which Kaiser Gypsum is not liable and/or is entitled to indemnification from such other Defendants.

29.     Product ID without Reasonable Investigation/Bad Faith. Kaiser Gypsum alleges that, on information and belief, Plaintiffs named Kaiser Gypsum in this litigation without reasonable product identification and without a reasonable investigation; accordingly, Kaiser Gypsum requests reasonable expenses, including its attorney's fees, expert fees and costs incurred as a result of the filing and maintenance by Plaintiffs of this bad faith action.

30.     Unforeseeable, Independent, Intervening or Superseding Cause. Kaiser Gypsum alleges that Plaintiffs' injury, damage or loss, if any, was proximately caused by one or more unforeseeable, independent, intervening or superseding events beyond the control, and unrelated to any conduct of Kaiser Gypsum. Any actions or omissions of Kaiser Gypsum were superseded by the negligence and wrongful conduct of others.

31.     Punitive Damages Failure to State a Claim. Plaintiffs have failed to state claim upon which relief may be granted against Kaiser Gypsum for punitive damages.

32.     Punitive Damages Against a Corporation. Kaiser Gypsum is not guilty of and never authorized any oppressive, fraudulent or malicious conduct which caused damage to Plaintiffs. Kaiser Gypsum never recklessly employed an unfit agent whose oppressive, fraudulent or malicious conduct caused damage to Plaintiffs. Neither Kaiser Gypsum nor a managerial agent of Kaiser Gypsum ever ratified or approved an oppressive, fraudulent or

malicious act which caused damage to Plaintiffs.

33. <u>Punitive Damages Require Proof Beyond a Doubt.</u> Actions seeking the imposition of punitive damages are essentially criminal in nature and entitle Kaiser Gypsum to the rights given to a Defendant in criminal proceedings under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution, and comparable provisions of the Organic Act of Guam. Procedures in a civil action such as the present action, which deny such rights to a Defendant, include, among other things, permitting proof of the factual predicate for imposition of punitive damages by less than proof beyond a reasonable doubt.

34. <u>Punitive Damages Amount to a Denial of Due Process and Equal Protection.</u> The imposition of punitive damages constitutes a denial of due process and equal protection of the laws in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and comparable provisions of the Organic Act of Guam.

35. <u>Punitive Damages Allow for Improper Discretion by the Trier of Fact.</u> The imposition of punitive damages violates rights guaranteed under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution, and comparable provisions of the Organic Act of Guam by, among other things, not limiting the discretion of the trier of fact as to the amount of punitive damages which may be awarded.

36. <u>Punitive Damages Awards Would Be Based on Vague, Imprecise and Inconsistent Criteria.</u> The imposition of punitive damages is impermissibly vague, imprecise and inconsistent in violation of rights guaranteed under the Fifth and Fourteenth Amendments of the United States Constitution, and comparable provisions of the Organic Act of Guam.

37. <u>Punitive Damages Amount to a Conclusion of Law.</u> The imposition of punitive damages is not a factual determination. Rather it is an expression of the trier of fact's

determination of moral condemnation and constitutes a conclusion of law. Therefore, the right to a jury trial is not implicated.

38. <u>Punitive Damages Are Contrary to Public Policy.</u> Punitive Damages claims should be stricken as a matter of law and as contrary to public policy because such claims serve no legitimate purpose in mass tort litigation where the Defendant is no longer in business selling products and an award of punitive damages can only serve to prematurely deplete the financial resources necessary to adequately compensate future Plaintiffs.

39. <u>Defenses of Other Defendants.</u> Kaiser Gypsum incorporates by reference any additional defenses interposed by any other Defendants herein to the extent such defenses are applicable to it.

**WHEREFORE,** Kaiser Gypsum prays that:

1. Plaintiffs take nothing by their Complaint;

2. Judgment be awarded in favor of Kaiser Gypsum and against Plaintiffs;

3. Kaiser Gypsum be awarded its costs;

4. Kaiser Gypsum be awarded reasonable expenses, including its attorney's fees, expert fees and costs incurred, as a result of the Plaintiffs' filing and maintaining this action without reasonable product identification and without a reasonable investigation.

5. The Court grant such other relief as it deems just and proper.

DATED: Hagåtña, Guam, November 14, 2005.

CARLSMITH BALL LLP

J. PATRICK MASON
Attorneys for Defendant
Kaiser Gypsum Company, Inc.

## DECLARATION OF SERVICE

I, J.PATRICK MASON, hereby declare and state:

1.    I am a United States citizen over the age of 18 years;

2.    I am an Attorney of the law firm of Carlsmith Ball LLP.

3.    On November 14, 2005, I served a filed copy of the DEFENDANT KAISER

GYPSUM COMPANY, INC.'S ANSWER TO FIRST AMENDED COMPLAINT (Filed

November 14, 2005); and this Declaration of Service (Filed November 14, 2005) by hand

delivery to the following:

Ignacio C. Aguigui, Esq.
Lujan, Unpingco, Aguigui & Perez, LLP
Suite 300, PDN Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

Thomas C. Sterling, Esq.
Klemm Blair Sterling & Johnson, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
Dooley Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin, LLP
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

4.    On November 14, 2005, I will also cause a copy of said documents to be served

on the following by depositing same with the United States mail in sealed envelopes, postage

prepaid, addressed as follows:

Laurie K. Anger, Esq.
John J. Petry, Esq.
Bruce A. Wagman, Esq.
Morgenstein and Jubelirer LLP
One Market Plaza
Spear Street Tower

A.P. Green Industries, Inc.
c/o CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Spear Street Tower
32nd Floor
San Francisco, California 94105

Armstrong World Industries, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Babcock & Wilcox Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dow Chemical Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Flexitallic, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

Honeywell International, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Kaiser Gypsum Company, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

A.P. Green Services, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Amchem Products, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Asbestos Claims Management Corporation
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Combustion Engineering, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dresser Industries, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Flintkote Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

GAF Corporation
c/o Prentice-Hall Corporation Systems, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Harbison-Walker Refractories Co.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

John Crane, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Owens Corning
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Pittsburgh Corning Corporation
800 Presque Isle Drive
Pittsburgh, PA 15239

Quigley Company, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

United States Gypsum Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Foster Wheeler Corporation
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

DATED: Hagåtña, Guam, November 14, 2005.

J.PATRICK MASON