DOOLEY ROBERTS & FOWLER LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
Telephone No. (671) 646-1222
Facsimile No. (671) 646-1223
visosky@guamlawoffice.com

Attorneys for Defendants Garlock, Inc., Viacom, Inc.,
successor by merger to CBS Corporation, formerly known
as Westinghouse Electric Corporation, Foster Wheeler
Corporation, Bayer CropScience, Inc., as Successor-in-Interest
to Amchem Products, Inc., and The Dow Chemical Company



FILED
DISTRICT COURT OF GUAM
NOV 18 2005
MARY L.M. MORAN
CLERK OF COURT

## DISTRICT COURT OF GUAM
## TERRITORY OF GUAM

| | |
|---|---|
| Cess Navarro Olmo and Ronnie Pascual Perreras,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>A.P. Green Industries, Inc., A.P. Green Services, Inc., A.W. Chesterton Company, Amchem Products, Inc., Armstrong World Industries, Inc., Asbestos Claims Management Corporation, Babcock & Wilcox Company, Combustion Engineering, Inc., Dow Chemical Company, Dresser Industries, Inc., Flexitallic, Inc., Flintkote Company, Foster Wheeler Corp., GAF Corporation, Garlock, Inc., Georgia-Pacific Corporation, Harbison-Walker Refractories Co., Honeywell International, Inc., John Crane, Inc., Kaiser Gypsum Company, Inc., Metropolitan Life Insurance Company, Owens Corning, Owens-Illinois, Inc., Pittsburg Corning Corporation, Quigley Company, Inc., United States Gypsum Company, Viacom, Inc.<br><br>　　　　Defendants | CIVIL CASE NO. 05-00025<br><br>**1) MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION;**<br>[Rule 12(b)(2)]<br><br>**2) JOINDER IN DEFENDANT GEORGIA-PACIFIC CORPORATION'S MOTION TO DISMISS BASED ON IMPROPER VENUE; and**<br><br>**Certificate of Service** |

**ORIGINAL**

## MOTION

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendants Bayer CropScience, Inc., as Successor-in-Interest to Amchem Products, Inc., (Bayer) and The Dow Chemical Company (Dow) (collectively Defendants) move to dismiss the First Amended Complaint of Plaintiffs Cess Navarro Olmo and Ronnie Pascual Perreras as against Bayer and Dow on the ground that this Court lacks personal jurisdiction over Bayer and Dow.

This motion is supported by the following Memorandum of Points and Authorities, the Affidavit of George S. Goodridge, and the Declaration of Thomas E. Moran. Pursuant to Local Rule 7.1(e)(2) Defendants Bayer and Dow request oral argument on this motion, and accordingly will submit an Agreement on Hearing Date.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  BACKGROUND

#### A.  INTRODUCTION

The District Court of Guam has neither general nor specific jurisdiction over Defendants. Defendants never established the regular and systematic contacts with Guam necessary to the exercise of general jurisdiction. Defendants never purposefully availed themselves of the privilege of doing business on Guam, which is required for specific jurisdiction. The exercise of jurisdiction over Defendants would not be fair or reasonable. Though Plaintiffs might be entitled to their day in court, they are not entitled to their day in *this* court, insofar as their claim against Bayer and Dow are concerned. Plaintiffs should be left to pursue their claims against Defendants in a forum where personal jurisdiction may properly be asserted.

As to venue, the facts and law asserted in various other motions to dismiss filed by other defendants in this matter are equally applicable to Bayer and Dow. See, e.g. Defendant Georgia-Pacific Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint, filed October 20, 2005. Accordingly, Bayer and Dow join in the motion to dismiss based on improper venue, filed by Defendant Georgia-Pacific Corporation.

**B.    FACTS**

Plaintiffs filed this action against Bayer and Dow and the other defendants in the United States District Court of Guam based on diversity jurisdiction. First Amended Complaint at ¶ 1. In their First Amended Complaint, Plaintiffs allege claims based on: negligence, strict liability, warranty of merchantability, market share liability, enterprise liability, unfit for intended use, negligent misrepresentation and punitive damages. See generally, id. They further allege that they were exposed to asbestos while employed by the United States Navy and that this exposure caused their alleged damages and injuries. Id. at ¶¶ 9 & 10.

Plaintiffs are citizens and residents of the Republic of the Philippines. Id. at ¶ 2. They have not alleged the location of Bayer's headquarters or its state of incorporation. This is probably due to the fact that Bayer was not named expressly as a Defendant. Amchem Products, Inc., through a series of mergers and acquisitions over about the last thirty (30) years, no longer exists as Amchem Products Inc. Instead, Bayer exists as the successor-in-interest to Amchem Products, Inc.

Bayer is incorporated under New York law and its principal place of business is in Research Triangle Park, North Carolina. Affidavit of George S. Goodridge, Assistant Secretary of Bayer CropScience, Inc., ¶ 3, filed November 18, 2005 (Goodridge Aff.).

3

Bayer has no offices or plants on Guam and owns no property on Guam. Id. at ¶ 4. It is not licensed or qualified to do business on Guam and it does not do business on Guam. Bayer does not engage in any direct sales or marketing on Guam and does not advertise for business on Guam. It has no officers, directors, employees or agents residing in or domiciled on Guam. Id. at ¶ 5. Bayer has no telephone listing or mailing address on Guam. It has no bank accounts on Guam. Id. at ¶ 6.

Dow was incorporated in the state of Delaware, U.S.A. and its principal place of business is in Midland, Michigan. Declaration of Thomas E. Moran, Assistant Secretary of The Dow Chemical Company, at ¶ 1, filed November 18, 2005 (Moran Dec.). Dow has no office, mailing address, telephone listing, or telephone account on Guam. Id. at ¶ 4. It maintains no bank account on Guam. Id. at ¶ 5. Dow is neither qualified, nor licensed, to conduct business on Guam. Id. at ¶ 6. It does not conduct business on Guam. Id. at ¶ 7. Dow has no officers, directors, employees or agents residing or domiciled in Guam. Id. at ¶ 8. Dow does not own property on Guam. Id. at ¶ 9. Dow does not engage in any direct sales to or marketing on Guam. Id. at ¶ 10.

As noted in other motions to dismiss already on file in this matter, Plaintiffs reference Guam but twice in their First Amended Complaint:

> At or about the period of time 1925 and 1981, Defendants manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval shipyard, Guam Naval shipyard, Subic Bay Naval shipyard, in the general overhaul, building, refitting, and maintenance of ships and which products ultimately used by those serving and/or working in the U.S. Navy and/or to which they came into contact.

Id. at ¶ 8.

Plaintiffs were employed by the United States Navy about or during 1966 to

4

>1992 and worked on various Navy vessels, bases and installations including those located in and around the Pacific and other locations including Pearl Harbor Shipyard and Subic Bay shipyard, and worked on board said ships going to and from the Philippines and Guam where the asbestos products were repeatedly used. Among the duties assigned to Plaintiffs was the removal and replacement of certain piping and/or insulation in the ships. The piping and/or insulation material contained asbestos or was an asbestos product supplied to the Navy by some or all the Defendants

First Amended Complaint, ¶ 9.

## II. THERE IS NO PERSONAL JURISDICTION OVER BAYER OR DOW.

### A. PERSONAL JURISDICTION MUST COMPORT WITH DUE PROCESS.

In order to establish personal jurisdiction, a plaintiff "must demonstrate that the forum state's jurisdictional statute confers personal jurisdiction, and that the exercise of personal jurisdiction accords with federal constitutional principles of due process." Shute v. Carnival Cruise Lines, 897 F2d 377, 380 (9th Cir. 1990), rev'd on other grounds 499 U.S. 585 (1991). See also Pacific Atlantic Trading Co. v. M/V Main Express, 785 F.2d 1325, 1327 (9th Cir. 1985) ("The state long-arm statute must be applied to determine the defendant's amenability to suit in the forum.") (citation omitted).

Like the Washington and California statutes at issue in Shute and Pacific Atlantic, the question in this case collapses into a single analysis. Under Guam's long-arm statute, 7 GCA § 14109[1], "A court of this Territory may exercise jurisdiction on any basis not inconsistent with the

---

[1] According to the notes of the Compiler of the Guam Code Annotated, regarding the origin of § 14109:

SOURCE: CCP § 417 added by P.L. 18-17:45 (10/5/85). Taken directly from Calif. CCP § 410.10.

COMMENT: "Section 410.10 (this section) permits California (Guam) courts to exercise judicial jurisdiction on any basis not inconsistent with the Constitution of California (Organic Act of Guam), Federal law or the United States Constitution. This authorization continues the California law of jurisdiction over foreign corporations and reestablishes the prior law that once governed nonresident individuals." Judicial Council Comment to California CCP § 410.10 found in West, California CCP, 410.10 at page 459.

5

Organic Act or the Constitution of the United States." See also PCI Communications, Inc. v. GST Pacwest Telecom Hawaii, Inc., 1999 Guam 17, ¶ 17 (Guam court may exercise jurisdiction "up to and including all that is constitutionally permissible.")

### B. DUE PROCESS REQUIRES MINIMUM CONTACTS WITH THE FORUM.

The due process standard for the exercise of personal jurisdiction is the "minimum contacts" test articulated by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945). Under International Shoe:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.

Id. at 316 (internal quotes omitted). See also Doe v. American Nat'l Red Cross, 112 F.3d 1048, 1050 (9th Cir. 1997).

Personal jurisdiction may be either general or specific. General jurisdiction allows a court to adjudicate claims unrelated to the defendant's contacts with the forum, while specific jurisdiction is limited to claims which arise out of or are related to the defendant's contacts with the forum. See, e.g., Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8, 9 (1984); Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1477 (9th Cir. 1986). For the reasons set out below, neither form of personal jurisdiction may be asserted over Bayer or Dow in this matter.

///

///

---

See also PCI Communs., Inc. v. GST Pacwest Telecom Haw., Inc., 1999 Guam 17, ¶ 17 n.5.

6

### C. THERE IS NO GENERAL PERSONAL JURISDICTION OVER BAYER AND DOW.

General jurisdiction refers to jurisdiction to adjudicate claims that do not arise from the defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9 (1984) ("[A] State exercises [general] personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum"); see also Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 447-449 (1952) (if defendant's contacts with forum state are sufficiently "substantial . . . continuous and systematic," personal jurisdiction may exist over defendant for cause of action unrelated to those contacts); 16-108 Moore's Federal Practice, Civil § 108.40 (2005). Thus, if defendants are amenable to general jurisdiction in a state, the state may exercise jurisdiction over the defendants based on any claim, including claims unrelated to the defendants' contacts with the state. For example, a state has general jurisdiction over natural persons who are domiciliaries of the state, corporations that are incorporated in the state, and nonresidents if their forum connections are substantial. See id. at § 108.41[1].

Perhaps because of the higher level of contacts required, the U.S. Supreme Court has upheld general jurisdiction only once in Perkins, 342 U.S. 437 (1952) (very substantial nature of defendant's contacts with forum state relied upon to uphold general jurisdiction); see also Helicopteros, 466 U.S. 408, 417-419 (1984) (purchases and contacts incidental to such purchases, such as training, could not be sufficient to satisfy due process requirements in case not arising from purchases, even if purchasing activity was systematic and continuous); 16-108 Moore's Federal Practice, Civil § 108.41[3]. Beyond Perkins and Helicopteros, the Supreme Court has offered little guidance on the

issue of general jurisdiction, except to specify that mere purchases or contacts related to purchases are not sufficiently "substantial" to support general jurisdiction.

Lower courts, including the Ninth Circuit, are also reluctant to assert general jurisdiction over nonresident individual defendants or foreign corporations even when the contacts with the forum state are extensive. See Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 851 n.3 (9th Cir. 1993) ("[T]he Perkins holding that the cause of action need not arise out of the defendant's activities in the forum is limited to its unusual facts . . . and [we] regularly have declined to find general jurisdiction even where the contacts were quite extensive."); Data Disc, Inc. v. Systems Tech. Assoc., Inc., 557 F.2d 1280, 1287 (9th Cir. 1977) (higher level of contact is implicit in "fair play and substantial justice" requirement); see also Cornelison v. Chaney, 16 Cal. 3d 143, 148 (1976) (defendant truck driver who hauled loads into California at least 20 times and was licensed by California did not have sufficient contacts with California to "justify general jurisdiction over him to adjudicate all matters regardless of their relevance to the cause of action alleged by the plaintiff").

The general jurisdiction contact threshold of "continuous and systematic" activities typically requires the defendants to have an office in the forum state. See Mary Twitchell, "The Myth of General Jurisdiction," 101 Harv. L. Rev. 610, 635 n.36 (1988) ("traditional indicia" of general jurisdiction are "a home base, an agent for the service of process, a local office, or the pursuance of a business from a tangible locale within the state"). Further, the activities must comprise a significant component of the company's business, although the percentage as related to total business may be small. See, e.g., O'Neal v. Hicks Brokerage Company, 537 F.2d 1266 (4th Cir. 1976); Ratliff v.

Cooper Laboratories, Inc., 444 F.2d 745 (4th Cir. 1971); Lee v. Walworth Valve Co., 482 F.2d 297 (4th Cir. 1973).

Here, Bayer has no offices or plants in Guam and owns no property in Guam. Id. at ¶ 4. Bayer is not licensed or qualified to do business on Guam and it does not do business on Guam. Bayer does not engage in any direct sales or marketing on Guam and does not advertise for business on Guam. Bayer has no officers, directors, employees or agents residing in or domiciled on Guam. Id. at ¶ 5. Bayer has no telephone listing or mailing address on Guam. Bayer has no bank accounts on Guam. Id. at ¶ 6.

Similarly, Dow has no office, mailing address, telephone listing, or telephone account in Guam. Id. at ¶ 4. Dow maintains no bank account in Guam. Id. at ¶ 5. Dow is neither qualified, nor licensed, to conduct business in Guam. Id. at ¶ 6. Doe does not conduct business in Guam. Id. at ¶ 7. Dow has no officers, directors, employees or agents residing or domiciled in Guam. Id. at ¶ 8. Dow does not own property in Guam. Id. at ¶ 9. Dow does not engage in any direct sales to or marketing in Guam. Id. at ¶ 10.

Under these facts, there were no substantial, continuous or systematic contacts between Defendants and Guam, and the court cannot exercise general jurisdiction over Bayer or Dow.

///

///

///

///

9

### D. THERE IS NO SPECIFIC PERSONAL JURISDICTION OVER BAYER OR DOW.

#### 1. The Ninth Circuit Employs A Three-Part Test To Determine Whether A Court May Exercise Specific Personal Jurisdiction Over A Defendant.

If a nonresident defendant's contacts with the forum state are not "substantial, continuous and systematic" enough to support general jurisdiction, a defendant may still be subject to specific jurisdiction for claims arising from or related to its activities within the state.

In Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985) the Supreme Court reaffirmed the general rule that specific jurisdiction requires a showing by the plaintiff that: (1) the nonresident defendant has purposefully established significant (i.e., not "random, fortuitous or attenuated") contact with the forum state; and (2) the plaintiff's cause of action arises out of, or is related to, the defendant's forum contacts. Id. at 486. If the plaintiff can show that, the defendant will have the burden of showing, from the balance of interest factors, that the state's exercise of specific jurisdiction would be unfair. Id. at 483.

The Ninth Circuit applies the Burger King requirements by way of a three-part test for specific or limited jurisdiction:

> (1) the nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activity in the forum, thereby invoking the benefits, and protections of its laws; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998) (quoting Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995)); accord Akro Corp. v. Luker, 45 F.3d 1541,

10

1545-46 (Fed. Cir. 1995). "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995).

### 2. Bayer And Dow Did Not Purposely Avail Themselves Of Guam.

The "purposeful availment" necessary to the exercise of personal jurisdiction exists when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). The "'unilateral activity of another party or a third person'" are not sufficient to constitute purposeful availment. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (internal citations omitted). On the contrary, "actions by the defendant *himself* that create a 'substantial connection' with the forum State" are necessary to validate personal jurisdiction. Id. (emphasis original, internal citations omitted).

Plaintiffs' First Amended Complaint alleges two contacts with Guam. First, Plaintiffs claim that the defendants "manufactured, sold, and supplied certain generically similar asbestos products which were ultimately used on United States Navy vessels and on naval bases and installations, including those located in and around the Pacific and other locations, including Pearl Harbor Naval shipyard, Guam Naval shipyard, Subic Bay Naval shipyard . . . which products (were) ultimately used by those serving and/or working in the U.S. Navy and/or to which they came into contact." Id. at ¶ 8. Second, Plaintiffs claim that they worked on board ships "going to and from the Philippines and Guam where the asbestos products were repeatedly used." Id. at ¶ 9.

Thus Plaintiffs have only alleged that they worked on ships which went between the

11

Olmo, et al. v. A.P. Green, et al.
Civil Case No. 05-00025
Motion to Dismiss

Philippines and Guam and that the defendants' products were "ultimately used" at the Guam Naval shipyard or ships that traveled to Guam. There is no allegation that Bayer or Dow purposefully availed itself of Guam as a market or a place to do business. There is no allegation that Bayer or Dow took any action aimed at Guam that Bayer or Dow knew was likely to cause harm to Plaintiffs. The U.S. Navy's unilateral acts in bringing asbestos products, if any, to Guam, or Plaintiffs' unilateral act of working on ships carrying asbestos products which arrived on Guam, do not amount to purposeful availment.

Based on Bayer and Dow's lack of contacts with Guam, neither Bayer nor Dow could reasonably have anticipated being haled into court on Guam. The purposeful availment factor for specific personal jurisdiction has not been met.

### 3. Plaintiffs' Claims Do Not Arise Out Of Bayer Or Dow's Contacts With Guam.

The second element necessary for specific jurisdiction is that the claim must arise out of the defendant's forum-related activities. In analyzing this second element, courts in the Ninth Circuit apply a "but for" test, asking whether the claim would not have arisen "but for" the defendant's contacts with the forum. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995) (test is satisfied if "but for" defendant's alleged contacts, cause of action would not have arisen).

Here, Plaintiffs cannot satisfy the "arising out of" element because there are no contacts between Bayer and Dow and Guam out of which Plaintiffs' claims *could* have arisen. See Goodridge Aff. and Moran Dec.

///

Olmo, et al. v. A.P. Green, et al.
Civil Case No. 05-00025
Motion to Dismiss

### 4. The Exercise Of Personal Jurisdiction Over Bayer And Dow Would Not Be Fair Or Reasonable.

The third and final element is the question of whether the exercise of jurisdiction would be fair and reasonable. This question can tip the balance either for or against the exercise of jurisdiction in cases where some minimum contacts with the forum may exist, but it is a close question whether they are sufficient. On the one hand,

> [t]hese considerations sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required.

Burger King, 471 U.S. 462, 477 (1985). On the other hand,

> minimum requirements inherent in the concept of "fair play and substantial justice" may defeat the reasonableness of jurisdiction even if the defendant has purposefully engaged in forum activities.

Burger King, 471 U.S. 462, 477-78 (1985).

In the Ninth Circuit, the reasonableness of jurisdiction is judged by balancing seven elements, in a test first set out in Insurance Company of North America v. Marina Salina Cruz, 649 F.2d 1266 (9th Cir. 1981). The seven factors are:

> (A) the extent of the purposeful interjection into the forum state; (B) the burden on the defendant of defending in the forum; (C) the extent of the conflict with the sovereignty of the defendant's state; (D) the forum state's interest in adjudicating the dispute; (E) the most efficient judicial resolution of the controversy; (F) the importance of the forum to plaintiffs interest in convenient arid effective relief; and (G) the existence of an alternative forum.

Id. at 1270 (citations omitted). These seven elements have been invoked in most subsequent Ninth Circuit decisions addressing the issue of personal jurisdiction. See, e.g., Ballard v. Savage, 65 F.3d 1495, 1500-02 (9th Cir. 1995). No single one of these factors is dispositive. Instead, all seven must

13

Case 1:05-cv-00025    Document 92    Filed 11/18/2005    Page 13 of 15

Olmo, et al. v. A.P. Green, et al.
Civil Case No. 05-00025
Motion to Dismiss

be balanced. Roth v. Garcia Marquez, 942 F.2d 617, 623 (9th Cir. 1991).

Because Plaintiffs have not alleged sufficient contacts between Bayer or Dow and Guam, these numerous reasonableness factors will not be analyzed at length here. In short, Bayer and Dow submit that it is not reasonable for this Court to assert jurisdiction over them, given the lack of contacts, and the residence of the Plaintiffs in the Philippines.

### III. VENUE IS IMPROPER ON GUAM.

The facts and law asserted in various other motions to dismiss filed by other defendants in this matter, are equally applicable to Bayer and Dow. See, e.g. Defendant Georgia-Pacific Corporation's Motion to Dismiss Plaintiffs' First Amended Complaint, filed October 20, 2005. Accordingly, Bayer and Dow join in the motion to dismiss based on improper venue, filed by Defendant Georgia-Pacific Corporation, as to Bayer and Dow.

### IV. CONCLUSION

None of the three elements of the test for specific jurisdiction are met under the facts of this case. Bayer and Dow have not purposefully availed itself of the privilege of conducting activities on Guam; Plaintiffs claims do not arise out of any forum-related activity on Bayer and Dow's part; and it would not be fair or reasonable to assert jurisdiction over Bayer and Dow. *All* three elements must be met for specific personal jurisdiction to be allowed. In fact, *none* is met. Since Bayer and Dow have no systematic contacts with Guam, general jurisdiction is also impossible. The requisite minimum contacts for personal jurisdiction are lacking, and the exercise of jurisdiction over Bayer or Dow would offend traditional notions of fair play and substantial justice. Plaintiffs' claims against Defendants must therefore be dismissed.

14

Similarly, in joining in Defendant Georgia-Pacific Corporation's Motion to Dismiss, Plaintiffs' claims against Bayer and Dow should also be dismissed for improper venue.

Dated November 18, 2005.	DOOLEY ROBERTS & FOWLER LLP

By: _____
JON A. VISOSKY
Attorneys for Defendants