Stephen D. Tom, Esq.
Aimee H. Oyasato, Esq.
**WHITE & TOM**
820 Mililani Street, Suite 711
Honolulu, Hawaii 96813-2972
Telephone No.: (808) 547-5151
Facsimile No.: (808) 599-4517

Louie J. Yanza
**MAHER · YANZA · FLYNN · TIMBLIN, LLP**
115 Hesler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910
Telephone No.: (671) 477-7059
Facsimile No.: (671) 472-5487

Attorneys for Defendant
JOHN CRANE, INC.

**FILED**
DISTRICT COURT OF GUAM
NOV 28 2005
MARY L.M. MORAN
CLERK OF COURT

# UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS,<br><br>Plaintiff,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FLEXITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON-WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE | CIVIL CASE NO. 05-00025<br><br>DEFENDANT JOHN CRANE, INC.'S REPLY TO CROSS-CLAIM OF GARLOCK, INC., VIACOM, INC., and FOSTER WHEELER CORPORATION; and CROSS-CLAIMS; CERTIFICATE OF SERVICE |

1

```
COMPANY, OWENS CORNING, OWENS-  )
ILLINOIS, INC., PITTSBURGH CORNING )
CORPORATION, QUIGLEY COMPANY, )
INC., UNITED STATES GYPSUM )
COMPANY, VIACOM, INC.,         )
                               )
              Defendants.      )
_____)
                               )
JOHN CRANE, INC.,              )
                               )
              Cross-Claimant,  )
       vs.                     )
                               )
A.W. CHESTERTON COMPANY, BAYER )
CROPSCIENCE, INC., DOW CHEMICAL )
COMPANY, FOSTER WHEELER CORP., )
GARLOCK, INC., GEORGIA-PACIFIC )
CORPORATION, HONEYWELL INTER- )
NATIONAL, INC., KAISER GYPSUM )
COMPANY, INC., METROPOLITAN LIFE )
INSURANCE COMPANY, OWENS- )
ILLINOIS, INC., and VIACOM, INC., )
                               )
              Cross-Claim      )
              Defendants.      )
_____)
```

# REPLY TO CROSS-CLAIM OF GARLOCK, INC., VIACOM, INC. and FOSTER WHEELER CORPORATION

COMES NOW, Defendant/Cross-Defendant JOHN CRANE, INC., through its counsel, MAHER, YANZA, FLYNN, TIMBLIN, LLP, by Louie J. Yanza, and hereby replies to the Cross-Claims of Defendants/Cross-Claimants GARLOCK, INC., VIACOM, INC. and FOSTER WHEELER CORPORATION, filed in the above-entitled action on November 8, 2005, as follows:

1. Cross-Defendant JOHN CRANE, INC. denies, generally and specifically, each and every allegation contained in paragraphs 3, 4, 5, 6, and 7 the

Cross-Claims filed by Defendant/Cross-Claimants GARLOCK, INC., VIACOM, INC. and FOSTER WHEELER CORPORATION.

2. Cross-Defendant JOHN CRANE, INC. states that it is without knowledge or information sufficient to allow it to formulate a belief as to the truth or veracity of the allegations contained in paragraphs 1, and 2 of the Cross-Claims and, based thereon, therefore, denies, generally and specifically, the same.

3. Except as otherwise specifically admitted herein, Cross-Defendant JOHN CRANE, INC. denies, generally and specifically, each and every allegation in the Cross-Claims filed by Defendant/Cross-Claimants GARLOCK, INC., VIACOM, INC. and FOSTER WHEELER CORPORATION, not otherwise denied.

### FIRST DEFENSE

The Cross-Claims fail to state a claim against JOHN CRANE, INC. upon which relief can be granted.

### SECOND DEFENSE

JOHN CRANE, INC. denies all allegations of the Cross-Claims.

### THIRD DEFENSE

In answer to the Cross-Claims, JOHN CRANE, INC. repeats and realleges each and every affirmative defense set forth in its November 14, 2005 Answer to the First Amended Complaint, and incorporates each by reference as though fully set forth herein.

## FOURTH DEFENSE

JOHN CRANE, INC. reserves the right to assert such other and further defenses as may become known hereafter.

## PRAYER

WHEREFORE, Defendant JOHN CRANE, INC. prays for relief herein as follows:

1. That the Cross-Claims be dismissed with prejudice as to JOHN CRANE, INC. and that JOHN CRANE, INC. be awarded its costs and attorneys fees.

2. If it should be determined that Plaintiffs and JOHN CRANE, INC. and/or any other person or entity were negligent or responsible or at fault, that the relative degree of negligence or responsibility or fault of each be determined in accordance with applicable law and that JOHN CRANE, INC. have judgment or the court apportion the entire negligence or responsibility or fault against any other party, person or entity, and that judgment be entered, as appropriate, for reimbursement, contribution and indemnification in accordance with law.

3. That JOHN CRANE, INC. have such other and further relief as this Court may deem just and equitable in the premises.

## CROSS-CLAIMS

Independent of the foregoing Reply, Defendant JOHN CRANE, INC., now herein styled as "Cross-Claimant JOHN CRANE, INC.", makes and presents the following Cross-Claim against all remaining Defendants in this action, hereinafter styled as "Cross-Claim Defendants" and, as and for its Cross-Claim, hereby alleges as follows:

1. Cross-Claimant JOHN CRANE, INC. is a Delaware corporation.

2. Cross-Claim Defendants are duly organized and existing under the laws of the various states of the United States of America.

3. On August 16, 2005, Plaintiffs filed a First Amended Complaint in the United States District Court, District of Guam, alleging they suffered injuries as a result of their exposure to asbestos-containing products during the course of their employment.

4. As referred to in this Cross-Claim, "Cross-Claim Defendants" include all of the remaining Defendants, but not Defendant JOHN CRANE, INC.

5. If Plaintiffs were damaged or injured as alleged, said damages or injuries are not the fault or responsibility of Defendant JOHN CRANE, INC., but are the direct and proximate result of the negligence, fault, breach of warrant, strict liability or other legal responsibility of the Cross-Claim Defendants. Cross-Claimant JOHN CRANE, INC. is therefore entitled to contribution, subrogation and/or indemnity from Cross-Claim Defendants.

6. If Plaintiffs sustained any damages and injuries as alleged, such damages and injuries were proximately caused by Cross-Claim Defendants, and not by Cross-Claimant JOHN CRANE, INC.

7. Any negligence or other fault on the part of Cross-Claimant JOHN CRANE, INC. was merely passive and secondary, whereas the negligence and/or fault of Cross-Claim Defendants were primary and

active, and Cross-Claimant JOHN CRANE, INC. is entitled to indemnification from Cross-Claim Defendants.

8. If Defendant JOHN CRANE, INC., is found liable to Plaintiffs, then Cross-Claim Defendants are also liable to Plaintiffs and to Cross-Claimant JOHN CRANE, INC. for contribution in their pro-rata shares of any judgment or settlement in favor of the Plaintiffs.

9. If Defendant JOHN CRANE, INC. is found liable to Plaintiffs, then the other Cross-Claim Defendants are also liable as a result of their negligence, strict liability, breaches of warranty, concerted action or other fault arising out of their mining, manufacture, distribution or sale of asbestos or products containing or using asbestos.

WHEREFORE, Defendant/Cross-Claimant JOHN CRANE, INC. prays for judgment as follows:

1. For judgment in favor of JOHN CRANE, INC and against Cross-Claim Defendants, in the amount of any judgment rendered in favor of Plaintiffs on their First Amended Complaint;

2. That Cross-Claim Defendants be ordered to indemnify Cross-Claimant JOHN CRANE, INC. for any liability imposed upon Cross-Claimant JOHN CRANE, INC.;

3. That if Cross-Claimant JOHN CRANE, INC. and any or all of the Cross-Claim Defendants are found liable, the relative degree of fault of each be determined and that Cross-Claimant JOHN CRANE, INC. have judgment

against any or all of the other Cross-Claim Defendants for any excess over and above Cross-Claimant JOHN CRANE, INC.'s pro rata share of any judgment;

4. That regardless of any judgment in favor of Plaintiffs, for judgment against Cross-Claim Defendants for Cross-Claimant JOHN CRANE, INC.'s attorney's fees and costs incurred herein; and

5. For such other and further relief as the Court may deem just and proper.

Dated this 25 day of November, 2005.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
**Attorneys for Defendant/Cross-Claimant**
**JOHN CRANE, INC.**

By: _____
LOUIE J. YANZA

# CERTIFICATE OF SERVICE

I, LOUIE J. YANZA, hereby certify that on November 28, 2005, I caused a copy of the DEFENDANT JOHN CRANE, INC.'S REPLY TO CROSS-CLAIM OF GARLOCK, INC., VIACOM, INC., and FOSTER WHEELER CORPORATION; AND CROSS-CLAIMS, filed in the above-entitled action on November 28, 2005, to be served upon the parties hereto, by either delivering, faxing and/or mailing a copy of same to their attorneys of record, as follows:

Ignacio C. Aguigui, Esq.
**LUJAN, AGUIGUI & PEREZ, LLP**
Suite 300, Pacific News Building
238 Archbishop Flores Street
Hagatña, Guam 96910
**Counsel for Cess Navarro Olmo and Ronnie Pascual Ferreras, Plaintiffs**

Jon A. Visosky, Esq.
**DOOLEY ROBERTS & FOWLER, LLP**
Suite 201, Orlean Pacific Plaza
865 South Marine Corps. Drive
Tamuning, Guam 96913
**Counsel for Garlock, Inc., Viacom, Inc., successor by merger to CBS Corporation, formerly known as Westinghouse Electric Corporation, Foster Wheeler Corporation, Bayer Cropscience, Inc. as Successor-in-Interest to Amchen Products, Inc. and The Dow Chemical Company**

Anita P. Arriola, Esq.
**ARRIOLA, COWAN & ARRIOLA**
259 Martyr Street
Suite 201, C&A Professional Building
Hagatña, Guam 96910
**Counsel for Owens-Illinois, Inc.**

Thomas C. Sterling, Esq.
**KLEMM, BLAIR, STERLING & JOHNSON**
1008 Pacific News Building
238 Archbishop F.C. Flores Street
Hagatña, Guam 96910
**Counsel for Metropolitan Life Insurance Company**

**CERTIFICATE OF SERVICE**
Cess Navarro Olmo, et al. v. A.P. Green Industries, Inc., et al.
U.S. District Court of Guam, Civil Action No. 05-00025

J. Patrick Mason, Esq.
**CARLSMITH BALL, LLP**
Bank of Hawaii Building, Suite 401
134 West Soledad Avenue
Post Office Box BF
Hagatña, Guam 96932-5027
**Counsel for Georgia-Pacific Corporation, A.W. Chesterton Company, and Kaiser Gypsum Company, Inc.**

and, via regular mail, on November 28, 2005 to all the parties listed below:

Honeywell International, Inc.
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Dated this 28 day of November, 2005.

**MAHER • YANZA • FLYNN • TIMBLIN, LLP**
Attorneys for Defendant/Cross-Claimant
JOHN CRANE, INC.

By: _____
LOUIE J. YANZA