FILED
DISTRICT COURT OF GUAM
DEC - 1 2005
MARY L.M. MORAN
CLERK OF COURT

CARLSMITH BALL LLP

J. PATRICK MASON
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendant
Georgia-Pacific Corporation

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO, RONNIE PASCUAL FERRERAS,<br><br>Plaintiffs,<br><br>vs.<br><br>A.P. GREEN INDUSTRIES, INC., A.P. GREEN SERVICES, INC., A.W. CHESTERTON COMPANY, AMCHEM PRODUCTS, INC., ARMSTRONG WORLD INDUSTRIES, INC., ASBESTOS CLAIMS MANAGEMENT CORPORATION, BABCOCK & WILCOX COMPANY, COMBUSTION ENGINEERING, INC., DOW CHEMICAL COMPANY, DRESSER INDUSTRIES, INC., FLEXITALLIC, INC., FLINTKOTE COMPANY, FOSTER WHEELER CORP., GAF CORPORATION, GARLOCK, INC., GEORGIA-PACIFIC CORPORATION, HARBISON WALKER REFRACTORIES CO., HONEYWELL INTERNATIONAL, INC., JOHN CRANE, INC., KAISER GYPSUM COMPANY, INC., METROPOLITAN LIFE INSURANCE COMPANY, OWENS CORNING, OWENS-ILLINOIS, INC., PITTSBURG CORNING CORPORATION, QUIGLEY COMPANY, INC., UNITED STATES GYPSUM COMPANY, and VIACOM, INC.,<br><br>Defendants. | CIVIL CASE NO. CIV05-00025<br><br>**DEFENDANT GEORGIA-PACIFIC CORPORATION'S ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT; DECLARATION OF SERVICE** |

4814-8307-7632.1.000901-00030

## DEFENDANT GEORGIA-PACIFIC CORPORATION'S
## ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT

Georgia-Pacific Corporation (hereafter "Georgia-Pacific") answers Plaintiffs' First Amended Complaint (hereafter "Compliant") as follows:

1. As to paragraph 1 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

2. As to paragraph 2 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

3. As to paragraph 3 of the Complaint: Georgia-Pacific admits that it is a corporation existing under the laws of the State of Georgia; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the other averments in the paragraph and on that basis denies the other averments.

4. As to paragraph 4 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

5. As to paragraph 5 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

6. As to paragraph 6 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient

to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

7. As to paragraph 7 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

8. As to paragraph 8 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

9. As to paragraph 9 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

10. As to paragraph 10 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

11. As to paragraph 11 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

12. As to paragraph 12 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

13. As to paragraph 13 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

14. As to paragraph 14 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

15. As to paragraph 15 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

16. As to paragraph 16 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

17. As to paragraph 17 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

18. As to paragraph 18 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

19. As to paragraph 19 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

20. As to paragraph 20 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

21. As to paragraph 21 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

22. As to paragraph 22 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

23. As to paragraph 23 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

24. As to paragraph 24 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

25. As to paragraph 25 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

26. As to paragraph 26 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

27. As to paragraph 27 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

28. As to paragraph 28 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

29. As to paragraph 29 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

30. As to paragraph 30 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

31. As to paragraph 31 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient

to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

32. As to paragraph 32 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

33. As to paragraph 33 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

34. As to paragraph 34 of the Complaint: Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the paragraph.

35. As to paragraph 35 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

36. As to paragraph 36 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

37. As to paragraph 37 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

38. As to paragraph 38 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient

to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

39. As to paragraph 39 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

40. As to paragraph 40 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

41. As to paragraph 41 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

42. As to paragraph 42 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

43. As to paragraph 43 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

44. As to paragraph 44 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

45. As to paragraph 45 of the Complaint: Georgia-Pacific denies the averments as they may in any way relate to Georgia-Pacific; except as denied, Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

46. As to paragraph 46 of the Complaint: Georgia-Pacific denies the averments as they may in any way relate to Georgia-Pacific; except as denied, Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

47. As to paragraph 47 of the Complaint: Georgia-Pacific denies the averments as they may in any way relate to Georgia-Pacific; except as denied, Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments and on that basis denies the averments.

48. As to paragraph 48 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

49. As to paragraph 49 of the Complaint: Georgia-Pacific incorporates herein its above responses to paragraphs 1 through 14 of the Complaint.

50. As to paragraph 50 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

51. As to paragraph 51 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

52. As to paragraph 52 of the Complaint: Georgia-Pacific denies the averments as they relate to Georgia-Pacific; Georgia-Pacific is without knowledge or information sufficient to form a belief as to the truth of the averments as they relate to other Defendants and on that basis denies the averments.

53. All averments in the Complaint that are not specifically admitted above are denied.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

There is an insufficiency of service of process upon the person of the Defendant.

### SECOND DEFENSE

There is a lack of service of process upon the person of the Defendant.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### FOURTH DEFENSE

Plaintiff's Complaint, in whole or in part, is barred by the applicable statute of limitations and/or repose.

### FIFTH DEFENSE

Plaintiff's Complaint is barred by laches.

### SIXTH DEFENSE

This Defendant denies that the Plaintiff incurred any injuries or damages.

However, as to any injuries or damages the Plaintiff alleges to have incurred, the Plaintiff voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Plaintiff's Complaint and, therefore, the Plaintiff is not entitled to recover from this Defendant.

### SEVENTH DEFENSE

This Defendant denies that the Plaintiff incurred any injuries or damages. However, as to any injuries or damages the Plaintiff alleges to have incurred, the Plaintiff failed to exercise ordinary care for his own safety, and such failure on his part proximately caused any injuries or damages alleged in Plaintiff's Complaint.

### EIGHTH DEFENSE

This Defendant shows that it did not mine, manufacture, process, import, convert, compound, retail, market or have any connection with asbestos or asbestos-containing materials during some of the times alleged in the Plaintiff's Complaint, and for those periods of time this Defendant denies that any product or action or inaction on its part caused any alleged damages to the Plaintiff.

### NINTH DEFENSE

Plaintiff was not exposed to any asbestos materials through any act or omission of this Defendant, or if such exposure occurred, which is denied, such exposure was of such insufficient quantities, at such infrequent intervals, for such short periods of time, or under such conditions as to amount to no proximate cause of Plaintiff's damages, if any, as a matter of law. Therefore, this Defendant denies that any of its products or any alleged action or inaction on its part has damaged or injured the Plaintiff in any manner or at any time.

### TENTH DEFENSE

The claims raised in Plaintiff's Complaint are barred by the applicable workers'

compensation laws.

### ELEVENTH DEFENSE

Plaintiff misused or improperly used the products manufactured by the Defendants referred to in the Plaintiff's Complaint, and such misuse or improper use proximately caused or contributed to, in whole or in part, the alleged conditions described in the Complaint and the alleged damages Plaintiff claims were sustained, and, therefore, this Defendant is not liable for any injuries or damages claimed by the Plaintiff.

### TWELFTH DEFENSE

If Plaintiff suffered damages as alleged in the Complaint, which damages this Defendant specifically denies, such claimed damages did not result, directly or indirectly, from any act or omission of this Defendant, but such damages, if any, resulted from the acts or omissions of persons other than this Defendant, for which acts or omissions this Defendant is in no way liable, and the Plaintiff, therefore, is not entitled to recover from this Defendant.

### THIRTEENTH DEFENSE

This Defendant is not liable to Plaintiff with respect to the injuries alleged in the Plaintiff's Complaint because such injuries, if any, were caused by pure accident in terms of law.

### FOURTEENTH DEFENSE

There is a lack of joinder of one or more parties who should or must be joined and, without the joinder of these proper parties, complete relief cannot be accorded among those already attempted to be made parties to this civil action.

### FIFTEENTH DEFENSE

To the extent that the Plaintiff has received payment from any alleged joint tortfeasor in full satisfaction of any of the alleged injuries and/or claims against this Defendant and/or other alleged joint tortfeasors, the Plaintiff's Complaint in each and every count and cause of action

alleged therein is barred by the defenses of payment and accord and satisfaction.

## SIXTEENTH DEFENSE

Plaintiff failed to mitigate his damages, if any.

## SEVENTEENTH DEFENSE

If the Plaintiff has heretofore or should hereafter settle for any of the alleged injuries and damages with any parties, then this Defendant is entitled to a credit in the amount of said settlements.

## EIGHTEENTH DEFENSE

Plaintiff's Complaint fails to set forth a claim for punitive damages upon which relief may be granted.

## NINETEENTH DEFENSE

To the extent Plaintiff's Complaint asserts a demand for punitive damages, this Defendant specifically incorporates by reference any and all standards of limitations regarding the determination and/or enforceability of punitive damage awards that arose in the decisions of *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mutual Automobile Insurance Co. v. Campbell*, 123 S. Ct. 1513 (2003).

## TWENTIETH DEFENSE

To the extent that Plaintiff's Complaint seeks punitive damages against Georgia-Pacific, Georgia-Pacific affirmatively pleads the following in regard to punitive damages:

(a) An award of punitive damages in this civil action would amount to a deprivation of property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Organic Act of Guam ("Organic Act");

(b)     An award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Organic Act;

(c)     The criteria used for determining whether and in what amount punitive damages may be awarded are impermissible, vague, imprecise, and inconsistent and, therefore, violate the due process provisions of the Fifth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Organic Act;

(d)     An award of punitive damages in this civil action would amount to an excessive fine in violation of the Eighth Amendment to the United States Constitution and the corresponding provisions of the Organic Act; and

(e)     Plaintiff's claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, and the Organic Act.

## TWENTY-FIRST DEFENSE

This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

## TWENTY-SECOND DEFENSE

This Defendant's first notice of the claims set forth in Plaintiff's Complaint was service of said Complaint upon it, and accordingly, Defendant reserves the right to amend its Answer, if same becomes appropriate, after full investigation and discovery.

## TWENTY-THIRD DEFENSE

This Defendant asserts that the state of medical and scientific knowledge and all materials relating thereto at all times material herein were such that this Defendant neither knew nor could have reasonably known that asbestos-containing products of the type it manufactured presented a significant risk of harm to the Plaintiff if properly used.

## TWENTY-FOURTH DEFENSE

Venue is improper in this action. This Defendant reserves its rights to move for dismissal and/or transfer of the action based on improper and/or inconvenient venue and further reserves its rights to seek application of the law of the appropriate venue on all issues, including but not limited to statute of limitations, statute of repose, and punitive damages.

## TWENTY-FIFTH DEFENSE

Plaintiffs' have failed to state a claim upon which relief may be granted against Georgia-Pacific for punitive damages.

## TWENTY-SIXTH DEFENSE

Georgia-Pacific is not guilty of and never authorized any oppressive, fraudulent or malicious conduct which caused damage to Plaintiffs'. Georgia-Pacific never recklessly employed an unfit agent whose oppressive, fraudulent or malicious conduct caused damages to Plaintiffs. Neither Georgia-Pacific nor a managerial agent of Georgia-Pacific ever ratified or approved an oppressive, fraudulent or malicious act which caused damage to Plaintiffs.

## TWENTY-SEVENTH DEFENSE

Georgia-Pacific incorporates by reference any additional defenses interposed by any other Defendants herein to the extent such defenses are applicable to it.

**WHEREFORE**, Georgia-Pacific prays that:

1. Plaintiffs take nothing by their Complaint;

2. Judgment be awarded in favor of Georgia-Pacific and against Plaintiffs;

3. Georgia-Pacific be awarded its costs;

4. Georgia-Pacific be awarded reasonable expenses, including its attorney's fees, expert fees and costs, incurred as a result of Plaintiffs filing and maintaining this action without reasonable product identification and without a reasonable investigation.

4814-8307-7632.1.000901-00030                                15.

Case 1:05-cv-00025   Document 105   Filed 12/01/2005   Page 15 of 19

5. The Court grant such other relief as it deems just and proper.

DATED: Hagåtña, Guam, December ___/___, 2005.

CARLSMITH BALL LLP

_____
J.PATRICK MASON
Attorneys for Defendant
*Georgia-Pacific Corporation*

# DECLARATION OF SERVICE

I, J. PATRICK MASON, hereby declare and state:

1. I am a United States citizen over the age of 18 years;

2. I am an Attorney of the law firm of Carlsmith Ball LLP.

3. On December 1ST, 2005, I caused to be served a filed copy of DEFENDANT GEORGIA-PACIFIC CORPORATION'S ANSWER TO PLAINTIFFS FIRST AMENDED COMPLAINT by hand delivery to the following:

Ignacio Aguigui, Esq.
Lujan, Unpingco, Aguigui & Perez, LLP
Suite 300, PDN Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

Thomas C. Sterling, Esq.
Klemm Blair Sterling & Johnson, P.C.
Suite 1008, Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910

David W. Dooley, Esq.
Dooley Roberts & Fowler, LLP
Suite 201, Orlean Pacific Plaza
865 South Marine Drive
Tamuning, Guam 96913

Anita P. Arriola, Esq.
Arriola, Cowan & Arriola
Suite 201, C&A Professional Building
259 Martyr Street
Hagåtña, Guam 96910

Louie J. Yanza, Esq.
Maher Yanza Flynn Timblin, LLP
115 Hessler Place, Ground Floor
Governor Joseph Flores Building
Hagåtña, Guam 96910

4. On December 1ST, 2005, I will also cause a copy of said documents to be served on the following by depositing same with the United States mail in sealed envelopes, postage prepaid, addressed as follows:

Laurie K. Anger, Esq.
John J. Petry, Esq.
Bruce A. Wagman, Esq.
Morgenstein and Jubelirer LLP
One Market Plaza,
Spear Street Tower, 32nd Floor
San Francisco, California 94105

A.P. Green Industries, Inc.
c/o CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Armstrong World Industries, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dow Chemical Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Honeywell International, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

A.P. Green Services, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Asbestos Claims Management Corporation
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Dresser Industries, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

GAF Corporation
c/o Prentice-Hall Corporation Systems, Inc.
2711 Centerville Road, Suite 400
Wilmington, DE 19808

Foster Wheeler Corporation
c/o CT Corporation System
818 West Seventh Street
Los Angeles, CA 90017

Pittsburgh Corning Corporation
800 Presque Isle Drive
Pittsburgh, PA 15239

Babcock & Wilcox Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Flexitallic, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

Kaiser Gypsum Company, Inc.
c/o CT Corporation System
818 West Seventh Street
Los Angeles, California 90017

Amchem Products, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Combustion Engineering, Inc.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Flintkote Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Harbison-Walker Refractories Co.
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Owens Corning
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

Quigley Company, Inc.
c/o CT Corporation System
111 Eighth Avenue
New York, NY 10011

United States Gypsum Company
c/o Corporation Trust Co.
1209 Orange Street
Wilmington, DE 19801

DATED: Hagåtña, Guam, December ___/___, 2005.

_____
J. PATRICK MASON