LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
300 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone   (671) 477-8064
Facsimile   (671) 477-5297

**BENJAMIN B. CASSIDAY III**
5699 Kalanianaole Highway
Honolulu HI 96821
Telephone   (808) 220-3200
Facsimile   (808) 373-7720

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT OF GUAM

TERRITORY OF GUAM

| | |
|---|---|
| CESS NAVARRO OLMO and RONNIE PASCUAL FERRERAS, <br><br> Plaintiffs, <br><br> vs. <br><br> A. P. GREEN INDUSTRIES, INC., et al., <br><br> Defendants. | CIVIL CASE NO. 05-00025 <br><br> **PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE** |

In an Order filed December 15, 2005, the Court set a hearing for January 17, 2006, on motions to dismiss for lack of personal jurisdiction and improper venue.

All of the Defendants in this action are or at times pertinent to this action were manufacturers of asbestos or products that contained asbestos. All of the Defendants in this action placed their asbestos-laced products in the stream of commerce.

/   /

/   /

## Personal Jurisdiction Issue

The question of personal jurisdiction in this case should be controlled by *Abuan v. General Electric Co.*, 735 F. Supp. 1479 (D. Guam 1990).[1] The case dealt with PCBs placed in the stream of commerce by Monsanto Co. The Defendants are brought before a Guam court pursuant to the Territory's long arm statute. 7 GCA § 14109.

As with the Defendants herein, Monsanto put PCBs "into the stream of commerce through industrial buyers who, having used PCBs in their products, distributed them throughout the globe. All of Monsanto's distribution of PCBs into ultimate use was therefore indirect. ... Monsanto does not and never has had any direct contacts with Guam which relate to PCBs." *Abuan, supra*, 735 F. Supp. at 1481.

While the *Abuan* court recognized that it did not have "general jurisdiction" in the matter, it found that it did have "limited" or "specific" jurisdiction because the defendant's contacts with the forum, though limited, were sufficiently related to the cause of action. Limited or specific jurisdiction exists as to the specific claims of the case even where they may be insufficient contracts for general jurisdiction. *Data Disk v. System Technology Associates*, 557 F.2d 1280, 1287 (9th Cir. 1977).

The *Abuan* court turned to Justice Stevens concurring opinion in *Asahi Metal Industry Co. v. Superior Court*, 480 US 102, 122, 107 S.Ct 1026, 1038 (1987) to explain its rationale for finding that the case against the defendants could be tried in Guam:

> Thus, Justice Stevens frames a test which satisfies the concerns of the entire Court. He requires that there be a stream-of-commerce *plus*, as Part II-A in *Asahi* argues, but requires only that the *plus* be a *reasonable* expectation of being subject to jurisdiction in the forum State. [Emphasis in original.]

*Abuan, supra*, 735 F. Supp. at 1486.

---

[1] The Defendants were ultimately granted summary judgment, but not on a jurisdictional question. *Abuan v. General Electric Co.*, 1992 WL 535958 (D. Guam 1990), *aff'd* 3 F.3d 229 (9th Cir. 1993), *cert. denied*, 510 US 1116, 114 S.Ct. 1064 (1994).

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.*,
Civil Case 05-00025

2

Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and for Improper Venue

Case 1:05-cv-00025   Document 122   Filed 01/03/2006   Page 2 of 8

The *Abuan* court also found significant a case that closely parallels the circumstances of the parties in this action, holding:

> Finally, while this Court finds the Supreme Court's position on the requirements of minimum contacts to clearly sanction the present analysis, the split [in the *Asahi* decision] justifies reference to the Ninth Circuit's position on the issue. This position is manifested in *Hedrick v. Daiko Shoji Co.*, 715 F.2d 1355 (9th Cir. 1983), where the Circuit held that a defendant purposely avails itself of a forum if it injects its products into the steam-of-commerce without more. In that case, the Ninth Circuit looked to the volume of sales and the expectation of a producer who sold "splices" to ocean-going vessels without notice of their ultimate destination. "Daiko performed a forum-related act when it produced a splice that it knew was destined for ocean-going vessels serving United States ports, including those of Oregon. *Id.* 715 F.2d at 1358. Like Monsanto, the producer's reasonable expectation was not one of local use. "The probability that the part sold to an ocean carrier will be used in a foreign port is not fortuitous. It is certain." *Id.* The Court distinguished the World-Wide Volkswagen situation where a retailer sold cars in the northeastern United States to consumer in such quantity that his reasonable expectations did not justify being sued in Oklahoma. *Id.* Thus, *Hedrick* not only manifests the Ninth Circuit's accord with the Brennan plurality in *Asahi*, but is based on facts so similar to the present case as to command the result reached here.

*Id.*, 735 F.Supp. at 1487.

Just as in *Abuan*, the Defendants herein distributed their products worldwide knowing that whether they distributed their merchandise directly to Guam or through manufacturers who incorporated the asbestos into their products, they benefited through sales that reached the very place the Plaintiffs were employed. "This amounts to the deposit of its components into the stream-of-commerce *plus* the reasonable expectation that it would be haled into Court there by a user of its products. The result comports with 'fair play and substantial justice,' and might serve as its paradigm." [Emphasis in original.] *Id.*

/ /

/ /

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.*,
Civil Case 05-00025

3

Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and/or Improper Venue

Case 1:05-cv-00025   Document 122   Filed 01/03/2006   Page 3 of 8

## Venue Issue

The motion to dismiss this action on the basis of improper venue is premature.

The Plaintiffs are citizens and residents of the Philippines who are aged and in declining health because of their alleged exposure to the products of the Defendants. It is correct that the Plaintiffs have alleged that the exposure occurred while they were serving on ships and employed on bases operated by the United States Navy throughout the Pacific. At some time, according to ¶ 9 of the Complaint, the Plaintiffs were employed on ships calling at Guam.

Logically, given their place of residence and their frail physical condition, the Plaintiffs have initiated their action in the United States District Court that is closest to their homes.

To begin with, the Defendants have not suggested a better venue for the action to be heard. They offer the Court no guidance on an appropriate alternative to the District Court of Guam. Yet the statute permitting a change of venue, 28 USC § 1404, assumes there must be another court where the case may be heard, stating in subparagraph (c):

> For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

To prevail on a motion to transfer venue under § 1404, "the defendant must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and the witnesses and better promote the interests of justice." *Helsel v. Tishman Realty Constr. Co., Inc.*, 198 F.Supp.2d 710, 711 (D.Md.2002) (internal quotations omitted). *See also Lynch v. Vanderhoef Builders*, 237 F.Supp.2d 615, 617 (D.Md.2002); *Dicken v. U.S.*, 892 F.Supp. 91, 92 (D.Md.1994).

In order to satisfy its burden on a motion to change venue, a defendant should submit affidavits from witnesses and parties involved that explain the inconvenience and hardship the defendant would experience if the case were heard in the plaintiff's chosen forum. *Dow v. Jones*, 232 F.Supp.2d 491, 499 (D.Md.2002). Mere claims of inconvenience, without more, will not

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.,*
Civil Case 05-00025

4

Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and for Improper Venue

Case 1:05-cv-00025  Document 122  Filed 01/03/2006  Page 4 of 8

justify a motion to dismiss or to transfer pursuant to § 1404(a). *See Dow*, 232 F.Supp2d at 499; *Helsel*, 198 F.Supp.2d at 712.

At this very incipient stage of the proceedings, the motion to change venue should be deferred pending discovery. The Plaintiffs believe that with discovery they can satisfy any concern that the Court may have relative to it being the appropriate forum for this action. Deferral under these circumstances is not unusual. *In re National Student Marketing Litigation*, 413 F.Supp. 1159, 1161.

### Conclusion

For the reasons stated, the Plaintiffs respectfully pray that the Court deny the Defendants' motions to dismiss for lack of personal jurisdiction and for lack of an appropriate forum.

Dated this 3rd day of January 2006.

Respectfully submitted,

**LUJAN AGUIGUI & PEREZ** LLP

By: _____
**PETER C. PEREZ, ESQ.**
*Attorneys for Plaintiffs*

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.*,
Civil Case 05-00025
5
Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and/or Improper Venue

Case 1:05-cv-00025   Document 122   Filed 01/03/2006   Page 5 of 8

# DECLARATION OF SERVICE

I certify that I caused a copy of the PLAINTIFFS' OPPOSITION TO MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FOR IMPROPER VENUE to be served, via hand delivery, upon the below named counsel on the 3rd day of January, 2006.

_____
PETER C. PEREZ, ESQ.

**Anita P. Arriola**
**Arriola Cowan & Arriola**
201 C& A. Building
259 Martyr Street
Hagåtña, GU 96910
(Attorneys for Owens-Illinois, Inc.)

**J. Patrick Mason, Esq.**
**Carlsmith Ball**
401 Bank of Hawaii Building
134 West Soledad Avenue
Hagåtña, GU 96910
(Attorneys for Georgia-Pacific Corporation, A. W. Chesterton Company, and Kaiser Gypsum Company, Inc.)

**Thomas C. Sterling, Esq.**
**Blair Sterling Johnson Moody**
     **Martinez & Leon Guerrero**
1008 Pacific News Building
238 Archbishop Flores Street
Hagåtña, Guam 96910
(Attorneys for Metropolitan Life Insurance Company)

**Louie J. Yanza, Esq.**
**Maher · Yanza · Flynn · Timblin**
115 Hesler Place
Hagåtña, Guam 96910
(Attorneys for John Crane, Inc.)

**Jon A. Visosky, Esq.**
**Dooley Roberts & Fowler LLP**
201 Orlean Pacific Plaza
865 South Marine Corps Drive
Tamuning, Guam 96913
(Attorneys for Garlock, Inc., Viacom, Inc., foster Wheeler Corporation, Bayer CropScience, Inc., and The Dow Chemical Company)

**By U. S. Postal Service to:**

**Joseph E. Riley**
A. W. Chesterton Company
225 Fallon Road
Stoneham MA 02180

**CT Corporation System**
818 West Seventh Street
Los Angeles CA 90017
(For Flexitallic, Inc., Foster Wheeler Corporation, Kaiser Gypsum Company, Inc.; Kaiser Gypsum Company, Inc., and Owens-Illinois, Inc.)

**Prentice-Hall Corporation Systems, Inc.**
21711 Centerville Road, Suite 400
Wilmington DE 19801
(For Viacom, Inc.)

**Sedgwick Detert Moran & Arnold LLP**
Three Gateway Center, 12th Floor
Newark NJ 07102
(For G-I Holdings, Inc., successor to GAF Corporation)

**McKenna Long & Aldridge LLP**
444 South Flower Street, 8th Floor
Los Angeles CA 90071-2901
(For Amchem Products, Inc., and Dow Chemical Company)

**Gibson Dunn & Crutcher LLP**
2100 McKinney Avenue, Suite 1100
Dallas TX 75201-6911
(For Asbestos Claims Management Corporation, formerly National Gypsum Company, and NGC Bodily Injury Trust)

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.,*
Civil Case 05-00025

2
Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and for Improper Venue
Case 1:05-cv-00025   Document 122   Filed 01/03/2006   Page 7 of 8

| | |
|---|---|
| 1 | **Corporation Trust Co.** |
| 2 | 1209 Orange Street |
|   | Wilmington DE 19801 |
| 3 | (For Babcock & Wilcox Company, Garlock, Inc., Georgia-Pacific Corporation, Harbison-Walker Refractors Co., Honeywell International, Inc., John Crane, Inc., Metropolitan |
| 4 | Life Insurance Company, United States Gypsum Company) |
| 5 | **CT Corporation System** |
| 6 | 111 Eight Avenue |
|   | New York NY 10011 |
| 7 | (For Quigley Company, Inc.) |
| 8 | **Pittsburgh Corning Corporation** |
|   | 800 Presque Isle Drive |
| 9 | Pittsburgh PA 15239 |
| 10 | |
| 11 | **Frantz Ward LLP** |
|    | 2500 Key Center |
| 12 | 127 Public Square |
|    | Cleveland OH 44114-1230 |
| 13 | (For Flintkote Company) |

*Cess Navarro Olmo and Ronnie Pascual Ferreras*
*v. A.P. Green Industries, Inc., et al.,*
Civil Case 05-00025

3

Plaintiffs' Opposition to Motions to Dismiss for Lack of
Personal Jurisdiction and/or Improper Venue